JAMES G. VITALE, b. n. f. *v.* SMITH AUTO SALES CO.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed January 26, 1929.

478

*R. E. Susena* for the plaintiff.

*Fred Bicknell* for the defendant.

SLACK, J.   The plaintiff, a boy eleven years old, brings this action by his next friend, to recover for injuries which he sustained in an accident that occurred at the intersection of School and Cherry Streets in the village of Bellows Falls, February 13, 1926.   School Street runs east and west and Cherry Street runs north and south.   The former descends slightly to the west at the point of intersection, and the latter ascends rapidly from that point some distance north.   The defendant's wrecking car

which was being driven west on School Street by one O'Brien, an employee of the defendant, who intended to turn into and go up Cherry Street, and a sled on which the plaintiff and a brother two years older than himself had been, or were, sliding, collided at the intersection of those streets, resulting in the injuries complained of.

The only evidence on the part of the plaintiff as to how the accident happened was that of his brother who testified, in substance, that he and the plaintiff slid down the walk on the east side of Cherry Street; that both were sitting up on the sled, the witness in front of his brother; that the witness saw the car coming towards them from the east on School Street and stopped the sled on the walk on the north side of that street; that when the sled stopped both boys were facing west; that as the car turned the corner of School Street into Cherry Street it ran onto the sidewalk, the bumper hit the witness, and the right front wheel of the car struck the forward end of the sled and threw both boys under the car; that the witness did not hear the horn of the car as it approached the corner.

On behalf of the defendant, the driver of the car, O'Brien testified that as he neared the corner of School and Cherry Streets the car was in second gear, "just going along on its idling power," ten to fifteen miles an hour; that he sounded the horn when twenty feet from the corner; that just as he was going to make the turn into Cherry Street "a sled shot out, and I pulled the truck to the left sharp and stopped, and the sled went right underneath the truck, back of the front wheel." John Hartnett, another employee of the defendant who was riding in the car with O'Brien when the accident occurred, and three other adult witnesses, testified, in effect, that the car did not go onto the sidewalk at, or near the corner in question; that the boys slid down the walk on the east side of Cherry Street and across the walk on the north side of School Street and against, or under, the car; that the older boy was lying on the sled, and the plaintiff was lying on his stomach top of his brother.

The plaintiff's evidence tended to show further that he was nine years old at the time of the accident; that he is a congenital imbecile with the mentality at the time of the trial (approximately two years and two months after the accident) of a child of seven years and four or five months of age; that

he attended school when he wasn't sick until about a month before the trial when he quit, his mother testified ''Because he didn't want to go * * * * He don't learn in school''; that he was then in the second grade; that he was nervous and had a violent temper; that he never did errands for the family, and did not go to school or on the street alone.

At the close of all the evidence the plaintiff moved for a directed verdict on the issue of liability on several grounds. The motion was overruled and the plaintiff excepted. The grounds of the motion now relied upon are: (1) Plaintiff's physical incapacity to exercise care; (2) his mental incapacity to exercise care, judgment or discretion; and (3) absence of evidence tending to show ''capacity by plaintiff.'' That the motion was properly denied is too obvious to admit of argument, since the grounds thereof relate only to the question of plaintiff's contributory negligence, and overlook entirely the first step necessary for him to establish to entitle him to a verdict, namely, the defendant's negligence, which was clearly a question for the jury.

The plaintiff requested the court to charge that: ''If you find that the defendant was negligent in turning up Cherry Street in that he went outside of the traveled road and onto the sidewalk outside of the limits of the road, where the plaintiff had a good right to be, then your verdict should be for the plaintiff.'' The court did not so charge, but since no exception was saved to its failure so to do no question is before us.

To the charge respecting plaintiff's contributory negligence he saved these exceptions: (1) ''To that part of the charge wherein the court said if the plaintiff did not exercise the care and prudence, and if he failed in this respect and contributed in the least degree he cannot recover notwithstanding the fact that the defendant might have contributed to the accident; and (2) to the court's charge as a matter of law that this boy is answerable for any contributory negligence in view of his tender years and the evidence that was received.''

It is apparent from plaintiff's brief that by these exceptions he was attempting to challenge the failure of the court to hold as a matter of law that on the evidence relating to his age and mental capacity he could not be held chargeable with contributory negligence, since it is not claimed that the charge was faulty if the question of his mental capacity was for the

jury. Neither exception is sufficient to raise this question. The first makes no allusion to it whatever, and it was only by inference that the court could tell what counsel had in mind; and the second is "to the court's charge as a matter of law that this boy is answerable," etc., which is contrary to the fact. The court did not hold *as a matter of law* either way on the question of plaintiff's mentality, but left it to the jury under instructions that were eminently fair to both parties. But assuming that the question which plaintiff tried to raise is properly before us, it is without merit. See *Robinson* v. *Cone*, 22 Vt. 213, 54 A. D. 67; *Bottum's Admr.* v. *Hawks*, 84 Vt. 370, 79 Atl. 858, 35 L. R. A. (N. S.) 440, Ann. Cas. 1913A, 1025; and *Johnson's Admr.* v. *Rutland R. R. Co.*, 93 Vt. 132, 106 Atl. 682. In the latter case it is said:

"In case of an adult there is a fixed and well-recognized standard by which to measure the degree of care required; but in case of a child no such standard has been, nor well can be, established. As to the latter the element of capacity to understand and appreciate the danger to which he is exposed always enters into the inquiry. The rule, as generally stated, is that a child, who has arrived at a sufficient age to be capable of some degree of caution for his own safety, must exercise the care reasonably to be expected of children of like age, capacity, intelligence, and experience in similar circumstances."

Other cases recognizing this rule are *Illinois Central R. R.* v. *Johnson*, 221 Ill. 42, 77 N. E. 592; *Chicago City Ry. Co.* v. *Wilcox* (Ill.), 24 N. E. 419, 8 L. R. A. 494. See, also, 20 R. C. L. 123-127; 22 R. C. L. 974, 1018. It is said later in the same case, after stating the rule in some other jurisdictions:

"A more satisfactory doctrine, and one in harmony with our former decisions, is that a child may be of such tender years that he should be conclusively presumed incapable of judgment and discretion. On the other hand, he may be so mature in age and intelligence that the court should say as a matter of law that he is capable of exercising some degree of care for his own safety under circumstances like those in question; * * * * * Lying between these limits, necessarily undefined as to age, are the cases where

the question of capacity to encounter and avoid a given danger cannot be ruled as a matter of law, either that the child has or does not have any capacity for caution, or was capable or incapable of exercising care for his safety in the circumstances. In such cases capacity is purely a question of fact to be submitted to the jury on the evidence.''

As supporting this rule are cited *Sullivan* v. *Boston El. Ry. Co.,* 192 Mass. 37, 78 N. E. 382; *Grant* v. *Bangor Ry. & Elec. Co.,* 109 Me. 123, 83 Atl. 121; *Meserve* v. *Libby,* 115 Me. 282, 98 Atl. 754; *Berdos* v. *Suffolk & Tremont Mills,* 209 Mass. 489, 95 N. E. 876, Ann. Cas. 1912B, 797; 22 R. C. L. 1018; notes 66 A. S. R. 43, 49 A. S. R. 408-433, 14 A. S. R. 590. This rule is equally applicable when elements other than that of age enter into the question of a child's mentality. The question, irrespective of the cause is, was or was not his mentality such that he understood the danger that confronted him and knew what it was necessary to do to avoid its consequences. It may be that the plaintiff at the time he was injured did not possess as high a degree of mentality as did the decedent in the Johnson-Railroad Case, *supra,* but it appeared that he then had the mental capacity of a child five years and two months old; that he attended school when not sick and at the time of the trial was in the second grade; that he was called as a witness in his own behalf and disclosed sufficient mentality so that he was permitted to take the required oath, and testify. It is true that his mother testified that he never did errands for her or his father and did not go to school or on the streets unattended, but she gave no reason for this. If we indulge the inference that it was because she thought him mentally incapable of performing such acts, we have no more than her opinion in the matter. Clearly, with the evidence standing as it did, it could not be ruled as a matter of law that the plaintiff was so lacking in mentality that he was incapable of exercising some degree of care for his own safety. In *Robinson* v. *Cone, supra,* the mental capacity of a child three years and nine months old was held to be a jury question; and in *Bottum's Admr.* v. *Hawks, supra,* where the decedent was a child five years old, it was said:

"When the question of his contributory negligence arises, his age, intelligence, and want of experience are to be considered.''

On the evidence, this question was properly submitted to the jury.

The plaintiff, in his brief, discusses somewhat the question of imputed negligence, but as it is wholly outside the case we do not consider it.

*Judgment affirmed.*