## Irwin S. Kendall v. Samuel Borofsky

[111 A2d 251]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion filed October 5, 1954.

Opinion on motion for reargument filed January 4, 1955.

*Irwin S. Kendall*, pro se, *Herbert S. Avery* (of Boston, Mass.) and *Barber & Barber* for the plaintiff.

*A. Luke Crispe* and *Orrin B. Hughes* for the defendant.

**Sherburne, C. J.** This is an action to recover for personal injuries alleged to have been received by the plaintiff while riding on the front seat of an automobile being driven by the defendant as a result of a collision between this automobile and an automobile being operated by Miss Dorothy Gleason. The complaint charges the defendant with gross negligence and with ordinary negligence and alleges that the position of the plaintiff was not that of a mere invitee or guest, and that under the circumstances the defendant owed him the duty to refrain from ordinary negligence. At the outset of the trial the defendant moved that the plaintiff be required to elect between his claim based on gross negligence and his claim based on ordinary negligence. Action on this motion was deferred until the close of the plaintiff's case, when it was granted subject to the plaintiff's exception, and thereupon subject to such exception the plaintiff elected to show that the defendant was guilty of ordinary negligence. Immediately thereafter the defendant moved for a directed verdict on numerous grounds, one of which was that there was no evidence in the case upon which the issue of ordinary negligence may or can be submitted to the jury, and the motion was granted, subject to the plaintiff's exception.

There is a street in Brattleboro about sixty feet wide from curb to curb which runs westerly from Main street and crosses Elm street. From Main street to the intersection with Elm

street it is known as Flat street. Westerly of the intersection it is known as Frost street. The collision occured at this intersection on the afternoon of September 27, 1951. It appears from the statement in the plaintiff's brief of what the jury could have found on the evidence most favorable to him, that at two p.m. on the day of the accident the defendant had an appointment with the plaintiff and two others at the Nash Garage on Flat street to take them to Monroe Bridge, Massachusetts; that the defendant was somewhat delayed, but when he arrived they immediately got into his car. We now quote: "the defendant was impatient at the delay, he backed his car out of the garage and proceeded along Flat St. to a point within about 300 feet of where the accident occurred, where the defendant was obliged to bring his car to a stop because a truck was obstructing the road ahead of him, that as soon as the truck had moved out of the way of the defendant's car, the defendant started up and continued to accelerate his speed until he arrived at the scene of the accident and the collision between the defendant's and the Gleason car became unavoidable; that from the point where the defendant had to stop because of the truck to where the accident occurred it was a straight line and the view of Flat or Frost St. was unobstructed as well as the view of Elm St. to the right; that the view of Elm St. to the left was obstructed by reason of the fact that the building of Holden and Martin came to the inner sidewalk line on both streets and made it impossible to see down Elm St. from Frost or Flat St. until the driver of a vehicle on Frost or Flat St. from the direction in which the defendant was traveling was practically in the intersection of the two streets; that Flat and Frost St., which was a continuation of Flat St., had been designated as through ways by the City of Brattleboro; that a Stop sign was posted on Elm St. opposite the intersection in the view of the operator of the Gleason car; that the defendant by the time he reached the intersection of Flat and Frost and Elm Sts., had increased his speed to somewhere between 15 and 25 miles per hour (transcript, page 48); that the plaintiff first saw the Gleason car coming from Elm St. on the left and exclaimed, 'Sam, Sam, car'; that the defendant did not see the Gleason car

coming from his left until it was entering the intersection on Elm St. and the defendant was so close to the intersection on Frost and Flat Sts. that he could not stop his car before it struck the front end of the Gleason car and caused damage to the Gleason car bending the damaged part toward the right; that the Gleason car came to a stop at the point of contact but the defendant's car proceeded across the intersection and came to a stop against the curb on the defendant's right of the intersection and wholly within Frost St. beyond the intersection; that the damage to the defendant's car was on his left side extending from the front to the rear indicating that it had scraped across the front end of the Gleason car; that after the accident the Gleason car stood on the right side of the middle line of Elm St., as it crossed Flat or Frost street and on the left side of the middle line of Flat or Frost St. as it crossed Elm St., in the direction the defendant was going and was within a short distance of the Holden & Martin corner; that the car, in which the plaintiff was riding and the defendant driving was traveling at such a rate of speed that the defendant could not avoid the collision when he first saw the Gleason car which was travelling so slowly and so close to the defendant's car when the defendant's car struck it, it was either at a stop or came to a stop immediately; that the defendant, by reason of the delays caused in the time of starting and by the truck obstructing his way of travel, was making haste to reach his destination; was agitated by the delays and was lacking in attention to the movements of other vehicles on the highway and that the accident was caused solely or at least in part by the failure of the defendant to exercise the care required of a reasonable man under the circumstances and they [the jury] could have found that the defendant was so lacking in the care of a reasonable man under the circumstances as to have been utterly lacking in care for the safety of others which would have been sufficient for gross or wanton negligence. See testimony of the plaintiff, transcript, pages 12-28, inclusive, 37-39 inclusive, 47-50 inclusive, 69-78 inclusive and exhibits offered and allowed; also the testimony of Officer Pickering, transcript, pages 82-92 inclusive, and

testimony of defendant, pages 118-125 inclusive and 138-150 inclusive."

The defendant in commenting upon the plaintiff's statement of what the evidence shows says:

1. He cannot find any evidence to substantiate any impatience on the part of the defendant and quotes testimony of the plaintiff to the effect that until he stopped for the truck the defendant was operating his car in a careful and prudent manner, and that until they got to the intersection with Elm street he saw nothing about the operation of the car which caused him to make any complaint about the way the defendant drove.

2. He cannot find any evidence that the plaintiff saw the Gleason car before the defendant did, and quotes testimony of the plaintiff to the effect that the cars came together about the time he said "car" and that at that time defendant's car was very nearly into the intersection.

3. That there is no evidence that the Gleason car came to a stop at the point of contact, and quotes testimony of the plaintiff that he believes the collision set the Gleason car westerly and southerly so that it was not in the same position as at the point of contact.

4. That as to the statement that the Gleason car "was then travelling so slowly and so close to the defendant's car that when the defendant's car struck it was either at a stop or came to a stop immediately", he quotes from the transcript of the plaintiff's testimony to the effect that the plaintiff did not know how fast the Gleason car was going when he first saw it, or its rate of speed at the time of the actual collision. The transcript also shows that the plaintiff testified that he had no accurate estimate or judgment of the speed of the Gleason car prior to the impact, but judged that it had nearly stopped. Because of the collision the Gleason car probably came to a stop, but the words "was either at a stop or" are in effect denied.

5. That the statement "that the defendant, by reason of the delays caused at the time of starting and by the truck obstructing his way of travel, was making haste to reach his

destination, was agitated by the delay, and was lacking in attention to the movements of other vehicles on the highway'' is unsupported by the evidence or logical inference therefrom, and quotes plaintiff's testimony to the effect that the defendant operated his car in a careful and prudent manner.

■ Under his exception to the granting of defendant's motion for a directed verdict the plaintiff has the burden of showing that the evidence viewed most favorably to him was such that a jury acting reasonably could have found the defendant guilty of at least ordinary negligence. It may be that upon a search of the transcript evidence can be found to support the plaintiff's statement in the five disputed particulars, but we will not read the numerous pages of the transcript referred to to see if such evidence can be found. Supreme Court Rule 8, §5 provides that briefs shall contain specific reference to such parts of the evidence as may be deemed material, giving the page and the number of the interrogatory and answer as marked on the copy of the testimony furnished to the court. See *Turner* v. *Bragg*, 113 Vt 393, 402, 35 A2d 356. Consequently we will disregard the five disputed parts of the plaintiff's statement of what the jury could have found.

It appeared in evidence that Miss Gleason failed to stop before entering the intersection, and that a suit against her to recover for the injuries received by the plaintiff in this collision had been terminated by her payment to him of a sum of money in exchange for a covenant from him not to further sue her.

The plaintiff devotes several pages in his brief to the support of his exception to the order requiring him to elect between gross negligence and ordinary negligence, and to exceptions other than the one saved to the granting of defendant's motion for a directed verdict on the grounds that there was no evidence upon which the issue of ordinary negligence may or can be submitted to the jury. As to this exception all that the plaintiff says is: "Certainly the jury was warranted in finding that the defendant, in approaching a blind corner at intersecting streets at a rate of speed which made it impossible for him to see the Gleason car in time to avoid a collision

with it, was guilty of ordinary negligence; that such an issue was one of fact for the jury on the evidence cannot be questioned." Consequently the plaintiff only claims excessive speed and does not rely upon any violation of a traffic law or regulation or upon the failure of the defendant to keep a proper lookout or to see the Gleason car sooner than he did.

■ This accident occurred on a through street which was sixty feet wide between curbs. Travelling westerly as defendant was, there was on his left the Holden & Martin building, which made it impossible to see down Elm street until he was practically in the intersection. Besides having the right of way over vehicles approaching on Elm street from his left, every vehicle immediately before entering Flat street or Frost street from Elm street on his left was required to come to a full stop because of the stop sign. V. S. 47, §10,219, Par. II, as amended by No. 242 of the Acts of 1949, and Par. IV. If in the exercise of due care himself, the defendant had the right to assume that anyone approaching on Elm street from his left would not drive in a negligent manner, but would give him the right of way and would come to a full stop before entering the intersection; and the care and diligence of the defendant is to be measured in view of this assumption. *Hastings* v. *Soule*, 118 Vt 105, 108, 100 A2d 577. Under the circumstances disclosed it cannot be said that the defendant in travelling at the speed of 25 miles per hour, the highest speed claimed by the plaintiff, was negligent because it was impossible for him to see the Gleason car in time to avoid a collision. Consequently there was no issue of fact to be submitted to the jury.

Since there was no evidence to show that the defendant was guilty of ordinary negligence, there was none that he was guilty of gross negligence, which is a higher degree of negligence. Consequently the order requiring an election, if erroneous, was not prejudicial. *Judgment affirmed.*

### ON MOTION FOR REARGUMENT

**Sherburne, C. J.** Because of the filing by the plaintiff of a motion for reargument the judgment entry herein has been withheld pending decision on the motion.

■ The opinion in this cause was written upon the basis of the statement of facts in plaintiff's brief, omitting therefrom those facts disputed by the defendant and referred to in the opinion. During the argument of his motion the plaintiff admitted that upon this basis the opinion is sound, although he did not like our often repeated rule to the effect, that this Court will affirm a ruling of the trial court upon any legal ground shown by the record, even though the ground may not have been raised below and may not be briefed. We need cite only *Newport Savings Bank* v. *Manley*, 114 Vt 347, 45 A2d 199, and *Mc Namara* v. *Pickett*, 109 Vt 500, 504, 1 A2d 716.

■■ Until the handing down of the opinion in this cause the plaintiff's distinguished counsel from Massachuestts, who prepared plaintiff's brief and argued the cause before us, apparently had not carefully studied the opinion in *Turner* v. *Bragg*, 113 Vt 393, 35 A2d 356, a cause where he was of counsel for the excepting party, in which we stated at p. 399, that we will not search the record to find grounds upon which to predicate error, and at p. 402 called attention to the provision of Supreme Court Rule 8, §5, that briefs shall contain specific reference to such parts of the evidence as may be material, giving the page and number of the interrogatory and answer as marked in the copy of the testimony furnished to the Court. Now, in a motion drafted and briefed by Vermont counsel, the plaintiff claims [1] that we misapprehended or overlooked evidence, [2] misapprehended claims made by the plaintiff in his brief, [3] misapprehended certain of the defendant's claims as to the five disputed points mentioned in the opinion and [4] misapprehended the claims of the parties on the issue of ordinary negligence, in that both parties briefed and argued the case on the assumption that there was ordinary negligence unless the plaintiff had, by his testimony, conceded himself out of court on this issue, notwithstanding other evidence in the case that the defendant was negligent, and [5] that the plaintiff did not anticipate that the Court would affirm on an issue not adequately briefed or argued by either party, particularly when the claimed

evidentiary shortage in the plaintiff's brief as to such issue was properly supplied to the Court before argument by the brief of the defendant.

Plaintiff's brief contained a long statement of the facts which he claimed the jury could have found on the evidence most favorable to him. The part of the statement material to the decision was quoted in the opinion word for word. All five grounds of plaintiff's motion are based upon a claimed duty of this Court to search through defendant's brief to see if some point of fact cannot be found therein to supplement the statement of facts in plaintiff's brief or to refute defendant's claims as to the five disputed points. This might be more laborious than to read all the pages of the transcript referred to in the opinion to support plaintiff's statement of facts. We are no more required to supplement plaintiff's statement of facts in this manner than to read numerous pages of transcript. If the plaintiff thought there was anything in defendant's brief that was helpful to his side he should have called it to our attention, and told us where it fitted into his brief, so that we could have minuted it on his brief at the proper place. Often on oral argument counsel refer to cases or matters not in their briefs. Unless we are told where these fit into their briefs and asked to minute them there, they are likely to be forgotten.

We find nothing in the briefs to support ground 4 of the motion about an assumption of ordinary negligence, nor do we recall any such assumption in the oral argument.

*Motion for reargument denied. Let full entry go down.*