## Daniel A. Campbell v. Carroll Beede

[ 207 A.2d 236 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and Hill, Supr. J.

Opinion Filed February 2, 1965

*Wilson & Keyser* for plaintiff.

*Davis, Martin & Free* for defendant.

**Smith, J.** This is an action of tort brought by the plaintiff, Daniel A. Campbell, against the defendant, Carroll Beede, as the result of a collision between a motor vehicle owned and operated by the plaintiff, and one owned and operated by the defendant, in the Town of Washington, on September 13, 1961.

A jury trial before the Washington County Court terminated in a verdict for the plaintiff in the amount of $750.00. After verdict and before judgment, the defendant moved for judgment in his favor notwithstanding the verdict, and upon denial by the court of this motion, moved the court to grant him a new trial on all issues. The plaintiff moved the court to grant a new trial to him on the issue of damages only. The court denied the motions of the defendant and granted the motion of the plaintiff.

The defendant has taken his appeal here on the denial of the motions made by him in the lower court, the granting of the motion of the plaintiff for a new trial on damages only, and from certain instructions given to the jury by the lower court in the trial below.

The first claim of error made here by the defendant is that the evidence below proved the plaintiff guilty of contributory negligence as a matter of law and that his motion for a judgment in his favor notwithstanding the verdict was wrongfully denied. A motion for judgment notwithstanding the verdict is tantamount to a motion for a directed verdict and is to be passed upon in the same way. *Sawyer* v. *Ewen,* 122 Vt. 320, 322, 173 A.2d 549. The evidence must be taken in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. *Cheney* v. *Wheeler,* 122 Vt. 295, 297, 170 A.2d 642; *Austin* v. *Bunday,* 122 Vt. 111, 165 A.2d 236. The evidence, so viewed, presents the following factual situation relative to the collision between the parties. The plaintiff was travelling along the highway from his place of employment in Barre, to his home in Chelsea, on the night of September 13, 1961. He entered the Town of Washington a little after 11 P.M. travelling at a speed of 40-45 miles per hour.

As he came over a slight rise in the highway he saw headlights facing in his direction in the opposite lane of the highway on which he was travelling, about 250 feet away. He let up on the throttle, flicked his headlights, and continued on his course.

The headlights that plaintiff saw were on the vehicle of the defendant. The defendant, having left a friend at the friend's house, had backed out on to the highway, which was curved at that point, brought his car to a stop before proceeding back toward Barre. Defendant's vehicle was in a diagonal position on the curve in the highway so that while his headlights shone down his own lane of travel, a part of his vehicle was actually across the lane being travelled by the plaintiff, in a diagonal position.

The plaintiff, coming out of a slight dip in the road as he more closely approached the vehicle of the defendant, did not see that part of the protruding vehicle. In attempting to pass the defendant's vehicle, he collided both with that vehicle and a bridge abutment located on his right side of the road and opposite the vehicle of the defendant.

■ Defendant's claim that plaintiff was contributorily negligent as a matter of law is based upon: (1) that the plaintiff was exceeding the legal speed limit of 35 miles per hour in the Town of Washington; and (2) plaintiff's failure to observe the position of defendant vehicle in the highway until such a time that he could not stop his car and avoid the collision. Excessive speed, alone, is not negligence as a matter of law. The question of whether plaintiff was driving his vehicle at such an excessive rate of speed as to constitute negligence was one of fact for the jury. *Sulham* v. *Bernasconi,* 106 Vt. 192, 198-199, 170 Atl. 913.

The safety statutes provide that one driving an automobile along the highway in the dark must drive at such a speed that he can stop it within the range of its headlights; and there is a duty at all times imposed upon the operator of a motor vehicle to maintain a lookout for persons and property on the highway, and to use reasonable care to avoid inflicting injuries on such persons or property; and he is chargeable with knowledge of objects on the highway which are in plain view. *Hastings* v. *Soule,* 118 Vt. 105, 108, 100 A.2d 577; *Kennedy* v. *Laramee,* 115 Vt. 358, 362, 61 A.2d 547.

■ While the violation of safety statutes makes out a prima facie case of negligence, it is a rebuttable presumption, and the question of whether such violations are the proximate cause of an accident is a jury question. *Smith* v. *Blow and Cote,* 124 Vt. 64, 67, 196 A.2d 498.

The evidence before the jury was that the plaintiff observed the headlights of the defendant's car 250 feet away from the point of collision. Due to the defendant's act in backing the car onto a curve in the highway, the headlights appeared to be in the opposite lane from the one in which the plaintiff was travelling. That part of defendant's vehicle which obstructed the traffic lane on which plaintiff was travellling was obscured to his vision by the glare of the headlights on defendant's vehicle until he was almost upon it.

The jury might well have found that the plaintiff was here confronted with circumstances that would have misled the most prudent driver, which circumstances were created by the acts of the defendant.

"If a jury finds that the setting of an accident is such that it is capable of obscuring or deceiving the vision of a prudent operator, it is proper for them to relieve the operator of the requirement that he must be able to stop to avoid collision with an object within range of his headlights. So, too, circumstances which might misdirect a person of prudent vision do not serve to attribute negligence to an operator who is misled by such circumstances." *Smith* v. *Blow and Cote,* supra, p. 69; *Welch* v. *Stowell,* 121 Vt. 381, 384, 159 A.2d 75.

No error is found in the denial of defendant's motion for a judgment in his favor notwithstanding the verdict.

We next consider defendant's briefed exceptions to certain instructions given to the jury by the lower court. If error is found in the charge below that must result in a reversal of the judgment below and the granting of a new trial, the exceptions by the defendant to the denial of his motion for a new trial on all issues, as well as his exception to the lower court's granting of a new trial on the issue of damages only, need not be considered by us.

On the issue of contributory negligence, the court gave the following instruction:

"If in this case, you find that the plaintiff fails to satisfy you by a preponderance of the evidence that he was free of any negligence, acts or omission, which contributed to the accident resulting in his injuries, then, of course, the plaintiff cannot recover and your verdict would be in favor of the defendant."

This instruction is in error. Contributory negligence is an affirmative defense which must be established by the one pleading it, as is any other affirmative defense which must be pleaded under the statute. 12 V.S.A. §1024. The burden of proof is upon the defendant. *Daigle v. Conley*, 121 Vt. 305, 309, 155 A.2d 744.

The defendant is also correct in the contention that the court erred in its charge to the jury on the question of damages by the statement that "it must then consider the damages in this case for the medical bills of the plaintiff." There being no evidence in the case that the plaintiff had any medical bills such non-existent medical bills were not in issue for the consideration of the jury. Error also existed in the charge to the jury relative to the qualifications of a police officer as an expert that "the first question you must decide is whether he (the police officer) has qualified in your opinion as an expert." The question of the competency of an expert witness is always a preliminary one for the trial court to determine in its sound discretion. *Cross v. Estate of Patch*, 123 Vt. 11, 16, 178 A.2d 393. While it may well be that some of the errors in the charge above noted, were not prejudicial to the defendant and hence not ground for reversal, we think consideration of this question is not necessary in light of the next briefed exception to the charge.

It will be recalled that the evidence was that the car of the defendant was stopped on the travelled portion of the highway at the time of the accident. Defendant in his Request for Charge to Jury, No. 5, requested the court to charge: "The mere stopping of a motor vehicle on the travelled way does not constitute negligence unless this is the approximate cause of the accident."

This request was refused by the court below, and defendant excepted. The court did charge, "the law is also clear that a person shall not stop or park a motor vehicle he is operating, whether attended or unattended, upon the paved or improved or the used part of any highway so as to interfere with traffic on such highway."

Although the court later charged "that breach of a safety statute makes at least a *prima facie* case of negligence and gives rise at least to a rebuttable presumption of lack of ordinary care," the jury was never informed that the law applicable to stopping or parking a car on the highway was one of the safety statutes.

This Court stated in *Young* v. *Lamson,* 121 Vt. 474, at p. 478, "23 V.S.A. §1044 forbids the stopping of a vehicle on a public highway in such a way as to interfere with the movement of traffic. But the mere stopping on the travelled way does not constitute negligence unless the halting of the vehicle was the proximate cause of the accident that followed." The defendant was entitled to have the charge requested included in the instruction given by the court below to the jury, and the refusal to so charge constituted prejudicial error.

The entry is *"Judgment reversed and cause remanded for a new trial on all issues."*