## Daniel Beaucage b/n/f Robert Beaucage v. Martha Russell

[ 238 A.2d 631 ]

December Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 6, 1968

*Joseph A. Wool* and *Saul Lee Agel* for the plaintiffs.

*Coffrin & Pierson* for the defendant.

**Keyser, J.** This is a personal injury case brought on the ground that the defendant negligently operated her automobile causing a collision with the plaintiff who was riding his bicycle home from school. The defendant pleaded general denial and contributory negligence. The jury returned a verdict for the defendant and judgment was entered in her favor.

The questions raised by plaintiff's appeal are to the court's refusal (1) to grant his motion for a directed verdict and (2) to grant his motion for a judgment notwithstanding the verdict.

The motion for judgment notwithstanding the verdict is tantamount to a motion for a directed verdict and is to be passed upon in the same way. *Campbell v. Beede,* 124 Vt. 434, 435, 207 A.2d 236. Thus, but one issue is raised by both motions—whether as a matter of law the defendant was negligent and the plaintiff not negligent. *Dashnow v. Myers,* 121 Vt. 273, 278, 155 A.2d 859.

In considering the ground of appeal we must take the evidence in the light most favorable to the defendant, and the effect of modifying evidence is excluded. The motion cannot be granted if there is any evidence fairly and reasonably tending to justify the verdict. *Smith v. Blow & Cote, Inc.,* 124 Vt. 64, 66, 196 A.2d 489. The evidence, thus viewed, discloses the following factual situation relative to the collision of the parties.

The defendant left her home on Wenonah Avenue in Essex Junction about 11:45 A.M. on September 15, 1964, to take lunch to her husband at the power plant. On the way she was going to pick up her daughter who would be coming home from Hiawatha School. She drove her car in low gear southerly on Wenonah Avenue to its intersection with Owaissa Avenue. At this point she turned left, shifted to second gear and proceeded at 15 to 20 miles per hour easterly on Owaissa Avenue. As the defendant came to and proceeded on Owaissa Avenue she looked down the street and saw no cars or anybody in the road.

After she had gone a short distance she caught sight of some children in the back yard of one of the houses on the left and thought her daughter might be one of them. She turned her head to the left for 2-3 seconds to take a second look. After she did this she heard someone holler and felt the car hit something. She immediately "slammed" on her brakes and came to a stop. She went about one

car length, or about 18 feet, while her head was turned to the left. The defendant got out of the car at once and found the plaintiff and his bicycle on the road pavement right in front of the left front wheel of her car.

At the time of the accident the plaintiff was 8 years old and attending the third grade of the Hiawatha School located on Hiawatha Avenue. He was a good student. He lived on West Street which was northerly of Owaissa Avenue and in going to and from school he had to cross the avenue. There is a path leading northerly from the school on Hiawatha Avenue which exists close to a wooded area on Owaissa Avenue. The plaintiff used this path most of the time to go to and from his home to Hiawatha School. There were no school guards at this point but the plaintiff knew cars used the street and was familiar with the area. He realized that his view westerly on Owaissa Avenue —the direction from which the defendant was traveling—was obstructed because of the thickly wooded area which came to the edge of the avenue.

Defendant's view of the path as she came to the intersection of the streets and going east on Owaissa Avenue was blocked by trees and heavy underbrush except for a very few feet where the path came out to the highway. Likewise, automobiles on Owaissa Avenue approaching the plaintiff on his left would be entirely obscured by the same wooded area.

The plaintiff rode his bike to school most of the time. He did on the day in question and was on his way home from school for lunch. When he got right up to the edge of Owaissa Avenue he saw the defendant's car for the first time coming about 20 feet from him. He noticed that Mrs. Russell's head was turned to the left. That day he was going a little bit faster than he usually did. The plaintiff tried to put on his brake to stop but couldn't because the pedals were in an up-down position. In order to have put on the brake he would have had to turn the pedals about one-quarter turn but decided not to do that. Instead, he tried to speed up and get across the road ahead of the car and pedaled real hard to do so. He failed and a collision resulted. The point of contact between the vehicles was in the defendant's lane of travel and very close to the point where the path comes out onto Owaissa Avenue.

The plaintiff bases his claim of negligence on the fact that defendant (1) took her eyes off the road ahead for 2-3 seconds knowing

children used the path to go to and from school and (2) drove her car at an excessive speed.

The circumstances of each case must determine the degree of alertness required of an operator of an automobile in keeping a lookout for road hazards. He has the duty to maintain a reasonable and proper lookout for persons and property on the highway, and to use reasonable diligence to avoid inflicting injuries on such persons or property. *Campbell* v. *Beede, supra,* 124 Vt. at 436, 207 A.2d 236. Although an operator is required to maintain a constant watch for persons and property in the highway, *Welch* v. *Stowell,* 121 Vt. 381, 384, 159 A.2d 75, he is not necessarily negligent merely because he fails to look ahead continually and uninterruptedly. *Palombizio* v. *Murphy,* 146 Conn. 352, 150 A.2d 825, 828; *Elkey* v. *Elkey,* 234 Wis. 149, 290 N.W. 627, 628, 292 N.W. 300.

Safety rules are not hard and fast, nor absolute in application to all circumstances. They are guides to the main issue of whether the actor's conduct meets the standard required of a prudent man under the circumstances. *Smith* v. *Blow & Cote, supra,* 124 Vt. at 69, 196 A.2d 489.

The defendant was familiar with the streets and the area where the path is located as well as the use of the path. The evidence is that she was keeping a lookout ahead of her car as she entered and travelled on Owaissa Avenue and saw no persons or objects in or along the street ahead of her. The path coming out to the street to her right could not be seen because of the woods and thick brush with the exception of where it entered the street. As defendant was approaching the area of the path she was driving her car in second gear at 15-20 miles per hour. She took her eyes off the road only for 2-3 seconds to look to her left for her daughter and at that moment the collision occurred.

If in the exercise of due care herself, the defendant had the right to assume that the plaintiff, or any person, approaching Owaissa Avenue from the area of the path would do so with due care and caution. *Kendall* v. *Borofsky,* 118 Vt. 352, 358, 111 A.2d 251.

On the state of the evidence produced in the case the issue of defendant's negligence and proximate cause was for resolution by the jury. The questions of excessive speed of defendant's vehicle and

the lack of proper lookout by defendant were issues that only the jury could decide.

The defendant pleaded the affirmative defense of contributory negligence, proof of which rested on her. On this aspect of the case the following facts are pertinent.

The plaintiff was riding his bicycle faster than usual up to the edge of the street; he saw the defendant's car coming on his left 20 feet away; he did not stop his bicycle nor turn it away from the street; instead, he tried to speed up to cross the street ahead of the car knowing the defendant at that moment was glancing to her left; and he got only part way across the street when the vehicles collided. The plaintiff was then a boy eight years old of normal intelligence. These facts made it necessary for the jury to determine whether the plaintiff contributed in any degree to his injury by attempting to cross the street when, as and how the circumstances show he did.

If the danger was obvious it was contributory negligence for him to fail to exercise ordinary care to avoid it. *Wall* v. *Derringer,* 119 Vt. 36, 38, 117 A.2d 390.

The mere fact that the plaintiff may have been negligent does not, of course, bar his recovery. "To have such an effect the failure to exercise ordinary care must have contributed to the accident; that is, it must have formed a proximate cause of it. Negligence by itself does not necessarily bring injurious consequences and resulting liability in its train. It may be of such a nature as to be unrelated to the catastrophe." *Wright* v. *Godin,* 108 Vt. 23, 25, 182 A. 189, 190. The test is whether such want of care and prudence contributed in any degree, in point of fact, to the happening of the accident. *Paquin* v. *St. Johnsbury Trucking Co., Inc.,* 116 Vt. 466, 470, 78 A.2d 683, 80 A.2d 669.

Unless the probative evidence is undisputed and so conclusive that it is susceptible of only one reasonable deduction, that of due care on the part of the plaintiff, the issue of contributory negligence is one for the jury. *Smith* v. *Grove,* 119 Vt. 106, 110, 119 A.2d 880. In *Robichaud* v. *Spence,* 112 Me. 13, 90 A. 430 the court held that the evidence showed contributory negligence of the plaintiff, a bicycle rider, in attempting to cross the street in front of defendant's automobile instead of turning his bicycle the other way and passing behind the automobile.

■ Furthermore, it appears that this case comes within the undefined age where the question of capacity to encounter and avoid a given danger cannot be controlled as a matter of law. *Parker* v. *Gunther,* 122 Vt. 68, 73, 164 A.2d 152; *Vitale* v. *Smith Auto Sales Co.,* 101 Vt. 477, 481, 144 A. 380. In such a case when the question of the child's contributory negligence arises, his age, intelligence and experience are to be considered as well as his knowledge of the situation and its dangers.

■ In the instant case, the capacity of the plaintiff to comprehend the dangers of entering the highway at a substantial speed, without proper control of his bicycle, knowing the defendant was not looking in his direction was an issue of fact for the jury to resolve.

■ As the evidence stood, we think it gave the jury a valid basis to justify a verdict for the defendant. In this situation the court properly denied plaintiff's motions for a directed verdict and for judgment notwithstanding the verdict. *Bailey* v. *Town of Cabot,* 124 Vt. 153, 157, 197 A.2d 783.

*Judgment affirmed.*