## Peggy L. George v. Christopher Graham

[561 A.2d 1361]

No. 88-020

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed May 5, 1989

*Dorothy L. Helling* of *Theriault & Joslin, P.C.*, Montpelier, for Plaintiff-Appellee.

*Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Dooley, J.** Automobiles driven by plaintiff and defendant collided head-on on an icy two-lane highway, and defendant appeals from a court verdict of $6,371 in plaintiff's favor. We affirm.

Plaintiff was driving south on Route 100 in Waterbury Center when defendant's northbound car lost control and slid into her lane, resulting in the collision. Defendant had started out from Lyndonville en route to Stowe. He proceeded west from Montpelier on Interstate 89 and turned north onto Route 100. The accident occurred at an intersection about a mile north of the Interstate Highway. The evidence is undisputed that the accident occurred completely on plaintiff's side of the center line and resulted from "black ice" on the roadway. It had been raining in the area the previous day, the temperature was below freezing, and the investigating officer testified that the road surface was wet and icy on the day of the accident.

The court's decision — which it described as "by a preponderance of the evidence, although not more than just by a preponderance"— was based on its conclusion that defendant was negligent in driving at or near the speed limit immediately after turning unto Route 100 and failing to anticipate the dangerous conditions which resulted in the accident. The court concluded:

> Even though he had not encountered the dangerous icy conditions on [Interstate] 89 or prior to that, when entering onto a new highway that he had not travelled on before, it would be incumbent on a prudent driver in Vermont winters to take it easy until they get a really good sense of what the road conditions were like.

Defendant argues on appeal that nothing in the record justifies the inference of negligence on his part. He testified that he was not aware of the black ice until he came over a knoll and started to skid. However, an eyewitness to the accident, who was familiar with roads in the area, testified that "anybody getting off the interstate going north is well aware of what's happening by the time they get to this location [where accident occurred]." Defendant himself testified that he was aware of the problem of black ice

and once had a demonstration from his father about handling the problem. He also testified that he knew it had been raining the previous day and that the temperature on the day of the accident was below freezing.

While the evidence was not abundant, it was sufficient to allow the trier of fact to conclude that defendant was negligent and that his negligence caused the accident. As the operator of a motor vehicle, defendant had the duty "to have it under reasonable and proper control at all times and that reasonable control requires that the speed of the car be reasonable under the circumstances." *Weeks* v. *Burnor,* 132 Vt. 603, 608, 326 A.2d 138, 141 (1974). The circumstances of each case must determine the degree of alertness of an operator in looking out for road hazards. See *Beaucage* v. *Russell,* 127 Vt. 58, 62, 238 A.2d 631, 634 (1968). The trial court had enough evidence to allow it to draw the conclusion that defendant was not sufficiently alert and was not in sufficient control for the road conditions. The testimony of the eyewitness supported an inference that any northbound driver would be aware of poor road conditions on Route 100 before reaching the knoll. Defendant proceeded at a speed normal for dry-road conditions, despite his knowledge that rain fell in the area during the previous day and that the temperature was below freezing on the day of the accident. We agree with the trial court that the evidence was sufficient to draw the inference of negligence and to support the verdict below.

*Affirmed.*