## Germaine COOPER v. David BURNOR

[750 A.2d 974]

No. 98-133

November 23, 1999. Plaintiff Germaine Cooper filed suit in Franklin Superior Court against defendant David Burnor for damages resulting from an automobile accident. Plaintiff appeals the judgment, claiming that the court erred by (1) excluding, as a discovery sanction, plaintiff's testimony regarding a measurement that contradicted defendant's testimony; (2) failing to instruct the jury that a violation of a motor vehicle safety statute constitutes a rebuttable presumption of

negligence; and (3) failing to instruct the jury on safety rules regarding stopping on the wrong side of the highway. We affirm.

The accident occurred at dusk in the Fall of 1993. Plaintiff was heading west on Route 36 in the Town of Fairfield when defendant, traveling eastbound, crossed over to the opposite side of the road in order to deliver a paper to a residential mailbox. A third motorist, Ann Serro, who was following defendant in the eastbound lane remained in her lane of travel. As plaintiff drove west, she approached a hill, at the top of which she saw defendant's vehicle facing her, stopped alongside her lane of the road. Plaintiff swerved to avoid defendant's vehicle and lost control, entering the eastbound lane and colliding with Serro's vehicle. Plaintiff sustained injuries.

The jury found plaintiff slightly more negligent than defendant, and consequently judgment was entered for defendant. See 12 V.S.A. § 1036 (plaintiff cannot recover under comparative negligence statute when plaintiff's negligence exceeds defendant's negligence). This appeal followed.

## I.

Plaintiff first contends that the court improperly excluded plaintiff's testimony as to her measurement of the distance between the mailbox and the edge of the paved highway which contradicted defendant's testimony. The evidence differed on the factual issue of where defendant's vehicle was located when plaintiff took evasive action. The state trooper who investigated the accident testified that there was sufficient room between the mailbox and the edge of the road for a vehicle the size of defendant's to stop clear of the lane of travel. Defendant testified that on the day of the accident the mailbox was located eight feet from the edge of the highway pavement and his

vehicle was only five and one-half to six feet wide. Defendant maintained that there was ample room for his vehicle to be completely removed from the pavement or nearly so at the time of the accident.

During her testimony, plaintiff stated that she had measured the distance from the mailbox to the edge of the pavement. Defense counsel objected to plaintiff's testimony, noting that there was no disclosure during discovery of a witness who had investigated the accident other than the state trooper. Plaintiff proposed to testify that, based upon her measurement, the mailbox was less than three feet from the edge of the highway pavement, directly contradicting defendant's testimony of eight feet. The court sustained the objection.

Plaintiff asserts that the court abused its discretion and unfairly prejudiced plaintiff's case when it excluded the testimony as a discovery sanction. We find no abuse of discretion.

At trial, when defense counsel objected to plaintiff testifying about her measurement, plaintiff's counsel offered to prove "that there's less than three feet between where a car would pull up and the edge of the pavement," noting that plaintiff's testimony directly contradicted defendant's testimony that the mailbox was six to eight feet from the edge of the road. The court stated that "You've got to disclose [during discovery] that there was some other measurements in the investigation." At oral argument, plaintiff's counsel disclosed that plaintiff measured the spot *after* defendant testified at trial and thus plaintiff's testimony was offered in rebuttal. The timing of plaintiff's measurement, however, was not mentioned at the time of the ruling at trial.

It was within the trial court's discretion to exclude the testimony assuming, as it did, that the evidence was acquired early on in the preparation for trial and not

disclosed in discovery. Thus, the court's ruling was not error.

## II.

After the jury instructions on the legal standard of care, plaintiff's counsel objected, arguing that the jury was not instructed that, if it found a violation of the safety statute by either party, it created a rebuttable presumption of negligence.

Proof of the violation of a safety statute creates a prima facie case of negligence. *Bacon v. Lascelles*, 165 Vt. 214, 222, 678 A.2d 902, 907 (1996). A prima facie case of negligence raises a rebuttable presumption of negligence and shifts the burden of production to the party against whom the presumption operates. See *id.* When the party produces evidence that fairly and reasonably tends to support a finding that the presumed fact does not exist, the presumption disappears. See *id.*

Here, defendant's testimony was sufficient to show that there was adequate space for his vehicle to be off the road and out of plaintiff's lane as she approached. Defendant met his burden of production, and the court was correct in instructing the jury without making reference to the presumption. See V.R.E. 301(c)(3) (court must not instruct jury on presumption of negligence when defendant has met his burden of production); *Favreau v. Miller*, 156 Vt. 222, 233, 591 A.2d 68, 75 (1991).

## III.

Finally, plaintiff claims that the trial court failed to instruct the jury on the safety rules pertaining to stopping on the wrong side of the highway when the jury raised the question during deliberations. The jury sent this written question to the court: "[W]hat law if any says about a vehicle on the wrong side of the road facing traffic either partially in the road or on the shoulder?" In response, the court read several safety statutes to the jury for their consideration, including:

"[N]o person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway," quoting from 23 V.S.A. § 1101(a). The court then stated that "[t]here is no safety rule or guide concerning the stopping on the wrong side facing or stopping on the side of the road facing traffic, but you in your own determination might determine what a reasonably prudent person would do under such circumstances." Plaintiff objected to the court's instruction that there was no safety rule prohibiting someone from stopping on the wrong side of the road.

Plaintiff's claim of error is without merit. The court reiterated to the jury the relevant safety statutes and correctly stated that there was no statute directly on point pertaining to a vehicle stopped on the wrong side of the road. We conclude that the charge, when read in its entirety, accurately communicated the pertinent legal principles to the jury and was not misleading.

*Affirmed.*

**Dooley, J.,** dissenting. I outlined my views on our treatment of safety statutes in negligence cases in a concurrence in *Marzec-Gerrior v. D.C.P. Industries, Inc.*, 164 Vt. 569, 572, 674 A.2d 1248, 1250 (1995), a case in which the appealing party did not object to the relevant parts of the jury charge. This case reinforces my view that "any alternative to the current approach is better." *Id.* at 576, 674 A.2d at 1252. The heart of plaintiff's theory of the case is that defendant violated a statutory rule of the road, and this violation was negligence that caused the accident and plaintiff's injury. Plaintiff objected to the portion of the charge regarding the effect of a violation of a safety statute, and sought a credible alternative. I would hold that the court should have charged plaintiff's alternative and dissent from the decision to

586

affirm the judgment entered on defendant's jury verdict.

In relevant part, the court first instructed the jury as follows:

> The legal standard of care required of motorists on the public highway is unvarying at all times; that of a reasonably prudent person. That's the standard. But experience has led the courts to adopt and the legislature to enact certain safety rules of diligence which are intended to standardize the rights and duties of users of the highways. But these rules and statutes are not absolute in all circumstances, they are merely guides to the main issue of whether or not a motor vehicle operator's conduct met the standard of a reasonably prudent person. But you can understand and apply these safety rules as you consider they are appropriate under the circumstances in your determination of whether or not the person's conduct has met the standard of the reasonably prudent person.

After describing the applicable statutory rules of the road, the court then returned to their effect and added:

> Now, I repeat: these safety rules are for your guidance. You are not bound to consider them. They are not binding upon you. You may give them weight in considering whether or not an operator's conduct met the standard of care of a reasonably prudent person.

Not surprisingly, plaintiff's counsel, whose case depended upon persuading the jury that defendant violated one of the safety statutes, found this use of the safety statutes to be inadequate. In objecting to the jury instructions, he said:

> The safety statute was given a little bit different than what was

expected. My understanding of the law is, it creates a rebuttable presumption, but it is binding on the jury if you violate a safety statute. I think that your charge said that they are not binding.

The court refused to change its language, but the jury did not find the court's explanation sufficient. After deliberating for a period, the jury returned with questions:

> One. What law if any says about a vehicle on the wrong side of the road facing traffic either partially in the road or on the shoulder? Two. What law if any says about cautionary lights, e.g., flashers or rotating lights such as on a plow?

Plaintiff's counsel again asked the court to respond that violation of a safety statute creates a rebuttable presumption of negligence. The court refused and reread the earlier instructions adding only that no safety statute covered either of the situations outlined in the questions.

As plaintiff points out, the most serious deficiency in the charge is that the jury is instructed that it may simply ignore the safety statute— "you are not bound to consider them" — for the wrong reason or no reason at all. See *id.* at 575, 674 A.2d at 1252. It is one thing to ignore evidence which the jury may find is not significant; it is quite another to ignore a statute that defines how drivers and others must conduct themselves on our public highways.

I expressed my view in *Marzec-Gerrior* that administering a bursting bubble presumption so that the jury is told nothing about the safety statute makes the safety statute meaningless in civil cases and is inconsistent with our precedents. I do not believe that creating a bursting bubble presumption is consistent with the proper effect of the violation of a safety statute in a civil negligence

action as explained in *Landry v. Hubert*, 101 Vt. 111, 113, 141 A. 593, 594 (1928). Indeed, I question whether it makes sense to apply presumption jurisprudence to a determination of negligence, because the presumed "fact" is actually a conclusion of law or a mixed conclusion of fact and law. See 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5134, at 657 (1977).

In any event, I note that virtually every commentator and most jurisdictions agree that some instruction to the jury on a presumption is necessary. See *id.* § 5127, at 615; 2 McCormick on Evidence § 344, at 467 (4th ed. 1992). Our precedents require that the jury be told of the presence of an applicable safety statute. See *Campbell v. Beede*, 124 Vt. 434, 438-39, 207 A.2d 236, 240-41 (1965). The issue is what the jury should be told.

Every alternative instruction to the jury has strengths and weaknesses. See 2 McCormick on Evidence § 344, at 467-69. Although I favor a negligence per se rule as adopted by the Restatement (Second) of Torts, see *Marzec-Gerrior*, 164 Vt. at 575-76, 674 A.2d at 1252, the alternative sought by plaintiff in this case is far better than what was charged, or what we have typically affirmed. A number of states have adopted plaintiff's alternative. See *Thornton v. Pender*, 377 N.E.2d 613, 621 (Ind. 1978); *Zeni v. Anderson*, 243 N.W.2d 270, 276-79 (Mich. 1976); *Waugh v. Traxler*, 412 S.E.2d 756, 759-60 (W. Va. 1991). It is exactly the alternative required by *Landry v. Hubert*, 101 Vt. at 113, 141 A. at 594.

Whether or not we adopt a rule that explains the safety statute to the jury as a rebuttable presumption, we should not affirm the charge given in this case. Plaintiff had two objections to the charge — it didn't explain the rebuttable presumption, and it allowed the jury to ignore the rules of the road for any reason. The latter objection was clearly correct. Especially given the nature of the state policy interests in uniform rules of the road, we cannot support an instruction that allows the jury to ignore automotive safety statutes for no reason at all. Such an instruction allows the jury to determine the applicable law, or to ignore the actual law and apply its own view of what the law should be. In either case, the jury is acting outside its proper role as the fact-finder, applying the facts to the law given to it by the judge. We should at least insist that the charge state that violation of a safety statute is evidence of negligence, as required by *Gilbert v. Churchill*, 127 Vt. 457, 461, 252 A.2d 528, 530 (1969).

This case represents an important opportunity to pull our law on safety statutes in negligence cases from the chaos that now surrounds it. I dissent from the continuing endorsement of that chaos.

**Johnson, J.,** dissenting. I dissent for the reason that we should not affirm the jury charge in this case. Plaintiff's objections were well-taken in that the charge did not explain that proof of the violation of a safety statute creates a prima facie case of negligence, which in turn creates a rebuttable presumption of negligence and shifts the burden of production to the party against whom the presumption operates. See *Bacon v. Lascelles*, 165 Vt. 214, 222, 678 A.2d 902, 907 (1996). Moreover, as Justice Dooley's dissent demonstrates, the court invited the jury to ignore the safety statutes. Either basis provides grounds for reversing the verdict.

Motion for reargument denied January 13, 2000.

## In re J.M.