THE WEBSTER MANUFACTURING COMPANY

*v.*

PATRICK MULVANNY, Admr.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*questions which the Supreme Court can not review.*   On appeal from an action for damages for personal injury, the negligence of the defendant as charged in the declaration, the degree of care exercised by the injured party and the amount of damages sustained are questions which the Supreme Court cannot consider.

2. EVIDENCE—*action for damages from explosion of steam-pipe—who may testify.*   In an action for damages for the death of plaintiff's intestate, caused by the explosion of a steam-pipe connecting an engine with the boilers, steam-fitters, who have had but a limited experience in running engines but who were present when the injury occurred, may give opinions as to the cause of the explosion.

*Webster Manf. Co.* v. *Mulvanny*, 68 Ill. App. 607, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

In October, 1892, the Webster Manufacturing Company was making certain improvements and additions to its

factory in Chicago, including which was the putting in of a new engine. An iron steam-pipe, ten inches in diameter and about one hundred feet long, carried the steam from the boilers to this engine. The engine had been run for several days by the contractors who had installed it, and had just been turned over to appellant. Other work was still progressing in connection with the additions and improvements being made by this company, and one John Mulvanny, the deceased, then in the employ of the Hamblin Plumbing Company, was engaged in doing certain plumbing work. The Hamblin Plumbing Company had a contract with the Webster Manufacturing Company, and Mulvanny, being one of its employees, was rightfully at the place of his employment when the accident occurred. The engineer of appellant, on the morning of October 27, 1892, started up the new engine, and almost immediately the ten-inch steam-pipe connecting the engine with the boilers burst. Mulvanny was at the time engaged in digging a trench very close to the steam-pipe, and as a result of the explosion he received such injuries as caused his death. This action was brought by the administrator of John Mulvanny, deceased, for the recovery of the pecuniary loss sustained by the next of kin. The jury in the trial court returned a verdict in favor of the plaintiff for $2500. On appeal to the Appellate Court this judgment was affirmed, and this case comes to this court by appeal.

RICH & STONE, for appellant.

O'DONNELL & COGHLAN, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

It is not entirely apparent from the record whether the explosion, which resulted in the death of appellee's intestate, occurred from a defect in the steam-pipe, of which defect appellant had knowledge, or whether it

occurred from the carelessness or incompetency of the engineer of appellant, or from some unavoidable accident which appellant could not guard against. This question, however, has been fully and completely settled adversely to appellant by the judgments of the trial and Appellate Courts. Negligence charged against a defendant is so seldom a question of law, that in the majority of cases the judgment of the Appellate Court, as in this case, is conclusive. It may therefore be said that the negligence of this defendant as charged in the declaration, and due care and caution on the part of the party injured, together with the damages sustained by the next of kin, are established by the verdict of the jury, and are questions which this court cannot consider.

The only error of law argued or presented by appellant as a reason for the reversal of this judgment is the giving by the trial court, on behalf of the plaintiff, of the following instruction:

"The jury are instructed as a matter of law, that if they believe, from the evidence, that John Mulvanny, while in the exercise of ordinary care and without fault or negligence on his part, lost his life by and through the wrongful act, negligence or default of the defendant, as charged in the declaration, and that said John Mulvanny left him surviving next of kin, then the jury should find the defendant guilty, and assess the plaintiff's damages at such sum as they shall believe, from the evidence, fair and just compensation, based upon the pecuniary loss, if any, resulting from the death of the said John Mulvanny to his next of kin, not exceeding the sum claimed in the declaration filed herein."

The only objection made by appellant to this instruction is, that the word "based" was improperly used, and that the jury could have added, and probably did add, in making up their verdict, interest and speculative damages to the pecuniary loss. The instruction is not subject to the objection made, nor could the jury reasonably

have inferred their right to do this from this instruction. There was no error in the giving of this instruction.

There is also complaint made by appellant as to the act of the trial court in permitting steam-fitters who had some experience in running engines, but not to any great extent, to give their opinions as to the cause of this explosion, they having been present at the time the injury occurred. The value of this testimony and the weight which should be attached to it were questions entirely for the jury, and it was not error for the trial court to admit the same.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*