KATE W. CALVERT, Appellee, *vs.* THE SPRINGFIELD ELEC-
TRIC LIGHT AND POWER COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. NEGLIGENCE—*duty of owner of premises to person entering upon invitation.* The owner of premises who by invitation, express or implied, induces another to enter upon the premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the premises if such condition was known to him and not to them, and it is his duty to use ordinary care to give to persons rightfully upon the premises timely warning of hidden dangers.

2. SAME—*when owner of building is liable for injury to servant of independent contractor.* Where a large, plainly visible hole has been broken through the roof of a building roofed with boards covered with tar paper, the owner of the building is not required to give warning of the existence of the hole to servants of an independent contractor working upon the roof; but if the tar paper at the edge of the hole is intact, though the boards underneath are splintered and broken for some distance from the apparent edge of the hole, the owner must give notice of the hidden danger, and he is liable for an injury resulting from his failure to do so.

3. EVIDENCE—*life tables are admissible in action for damages for accidental death.* The probable duration of the life lost is an element to be considered in an action for damages for negligently causing the death of the plaintiff's husband, and, as bearing on such question, standard life tables may properly be admitted in evidence.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

WILSON, WARREN & CHILD, for appellant.

T. J. CONDON, and ALBERT SALZENSTEIN, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee against the appellant and one William Drake, in the circuit court of Sangamon county, to recover damages for the death of Cecil Calvert, appellee's husband and intestate, alleged to have been caused by the negligence of the defendants. The jury found William Drake not guilty and returned a verdict in favor of appellee, against the appellant, for the sum of $7000, upon which the court rendered judgment. The appellant prosecuted an appeal to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed for the sum of $5000, a *remittitur* of $2000 having been required in that court, and a further appeal has been prosecuted to this court.

Two reasons are urged as grounds for reversal in this court: First, that the court improperly declined to peremptorily instruct the jury to return a verdict in favor of the appellant at the close of all the evidence; and second, that the court erred in permitting the appellee to introduce in evidence Wigglesworth's mortality tables, for the purpose of showing the probable number of years the deceased would have lived if the accident which caused his death had not happened.

The appellant was the owner of a building situated in the city of Springfield, upon the roof of which were located several large metal smoke-stacks. The roof consisted of a flat surface about fifteen feet wide and fifty feet long, from the edges of which flat surface the sides and ends of the roof slanted to the outer walls of the building. The roof was covered with inch boards, which were covered

with tar paper. In the fall of 1904 the appellant made a contract with William Drake to remove said metal smoke-stacks. The appellee's intestate was in the employ of Drake and was sent with other workmen by Drake to remove the said stacks. Some weeks before the workmen of Drake commenced to remove said stacks one of the stacks had fallen and broken an irregular hole, from two to five feet in diameter, through the boards and tar paper on the slop-ing surface of the roof. This hole was plainly visible to the workmen, although the evidence tended to show that immediately adjoining the hole, while the tar paper re-mained intact, the boards underneath were splintered and broken, which condition was visible to persons in the build-ing but not to persons upon the roof. The evidence also tended to show that appellee's intestate, while engaged in removing one of said stacks, stepped upon the roof near said hole and broke through the tar paper and fell to the floor of the building and was killed.

It is urged that the deceased was guilty of contributory negligence, and that he assumed the risk of being injured in the manner in which he was injured while engaged in removing said stacks. The evidence shows that the hole in the sloping roof was visible to the workmen upon the roof, and if it appeared from the evidence that the deceased fell through the hole in the roof we should not hesitate to hold that there could be no recovery on account of the assumption of the risk by appellee's intestate. A fellow-workman by the name of Andrew Dippo was the only person near the deceased at the time he fell through the roof. He testified that the deceased had hold of a rain shutter; that he looked away from the deceased; that shortly thereafter he heard a noise, and when he again looked up the deceased's head or hat was going down the hole; that the part of the roof through which the deceased fell was the flat portion and about two feet from the edge of the slope; that there was no hole apparent in that part

of the roof, and that the portion of the roof through which the defendant fell looked safe and sound prior to the time the deceased stepped upon it and went through.

The law is well settled that an owner or occupant of land who by invitation, express or implied, induces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist without timely notice to the public or to those who are likely to act upon such invitation, and if there are hidden dangers upon the premises he must use ordinary care to give persons rightfully upon the premises warning thereof, and that the owner owes such duty to an independent contractor or his servants while working upon his premises. (1 Thompson's Commentaries on the Law of Negligence, sec. 979; *Webster Manf. Co.* v. *Mulvanny,* 168 Ill. 311; *Illinois Central Railroad Co.* v. *Hopkins,* 200 id. 122; *Drennan* v. *Grady,* 167 Mass. 415; *Samuelson* v. *Cleveland Iron Mining Co.* 49 Mich. 164; *Powers* v. *Harlow,* 53 id. 507; *Bennett* v. *Louisville and Nashville Railroad Co.* 102 U. S. 577; *Evansville and Terre Haute Railroad Co.* v. *Griffin,* 100 Ind. 221.) When, therefore, the appellant contracted with William Drake to remove said metal stacks there was an implied invitation to Drake and his workmen to go upon the roof of said building to remove said stacks, and it was the duty of the appellant to exercise reasonable care for the protection of appellee's intestate while he was in the exercise of due care for his own safety and while he was upon the roof of said building engaged in removing said stacks, and if there was a hidden danger located in the immediate vicinity of where the deceased was at work which was known to it and which was unknown to the appellee's intestate, as the evidence fairly tends to show there was, it was the duty of the appellant to notify the deceased of such danger, and for a failure so to do, which resulted in the

loss of appellee's intestate's life, the appellant was liable. The court did not, therefore, err in declining to take the case from the jury.

It appeared from the evidence the deceased was fifty-six years of age and in good health at the time he lost his life. The trial court permitted appellee, over the objection of the appellant, to introduce the mortality tables prepared by Dr. Wigglesworth for the purpose of showing the expectancy of the life of deceased. We think the court did not err in so doing. While this court does not seem to have passed upon the question, the authorities in other jurisdictions upon the question, so far as we have been able to discover, all recognize the admissibility of that character of evidence. (8 Am. & Eng. Ency. of Law,—2d ed.— p. 947; 13 Cyc. 353, 354; *Donaldson* v. *Mississippi and Missouri Railroad Co.* 18 Iowa, 280; *Deisen* v. *Chicago, St. Paul, Minneapolis and Omaha Railway Co.* 43 Minn. 454; *McKeigue* v. *City of Janesville,* 68 Wis. 50; *Sauter* v. *New York Central and Hudson River Railroad Co.* 66 N. Y. 50; *Vicksburg and Meridian Railroad Co.* v. *Putnam,* 118 U. S. 545.) Mr. Thompson, in his Commentaries on the Law of Negligence, (vol. 6, sec. 7101,) says: "Where one is entitled to damages because of the negligent killing of another, the probable duration of the life lost is an element to be considered. One method of showing the probable duration of the life is by the introduction in evidence of the Carlisle, Northampton or other standard life tables. But these tables, though admissible, are not indispensable, and the jury may make their estimate from the age, health, habits and physical condition of the deceased at the time of his death."

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*