EULICE GAUDETTE *v.* AUSTIN TAYLOR, JR.

January Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed February 16, 1936.

*Jay Chaffee* for the plaintiff.

*Philip M. M. Phelps* for the defendant.

POWERS, C. J.   We have here a tort action in two counts for alienation of the affections of the plaintiff's wife.   One count charges alienation by enticement; the other, alienation by crimi-

nal conversation. At the close of the plaintiff's evidence, a motion for a directed verdict for the defendant was granted, and the plaintiff excepted. This exception presents the only question briefed by the plaintiff.

So far as the criminal conversation count is concerned, it may be disposed of quickly. There was no evidence fairly and reasonably tending to show criminal relations between the defendant and the plaintiff's wife. Evil-minded persons might have entertained some suspicions regarding their relations, but no plaintiff's verdict on that count could have withstood a motion to set it aside. See *Wellman* v. *Wales*, 98 Vt. 437, 448, 129 Atl. 317.

The other count is not much better supported, but it is some. The plaintiff's wife was the defendant's wife's sister. The defendant worked for the plaintiff. Making due allowance for these relationships, the evidence disclosed an intimacy between the defendant and the plaintiff's wife that had progressed beyond the bounds of propriety, to say the least. They were seen by neighbors walking and riding entwined in each other's arms; the defendant was writing her letters and postal cards, the latter, at least, containing ardent love messages, symbolized kisses, and vows of burning affection. Not only did he write such messages to her, but she received them and replied to them or some of them in a way to enrage his wife, who got hold of one and read it. It is a fair inference, from the testimony, that Mrs. Gaudette neglected her household duties while this affair with the defendant was going on; and finally the plaintiff dismissed the defendant to put an end to it.

We think that a jury, would have been warranted in concluding from the evidence, that the defendant, by his enticements, had progressed far enough in his wooing to alienate, in part, at least, the woman's affection for the plaintiff.

It follows that it was error to order a verdict on the enticement count, and on this ground the exception is sustained.

*Reversed and remanded.*