CARRIE DOOLEY *v.* ECONOMY STORE, INC.

May Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and SHIELDS, Supr. J.

Opinion filed October 5, 1937.

*Lawrence & O'Brien* for the defendant.

*Novak & Bloomer* for the plaintiff.

SLACK, J.  Plaintiff seeks to recover for injuries that she received from a fall in defendant's store.  She had a verdict and judgment below and the case is here on defendant's exceptions.

Defendant's store is divided into various departments among which are the suit and the millinery departments.  These are located on the second floor and are connected by an archway eight to ten feet wide.  The floor of the suit department is two to three feet higher than the floor of the millinery department and there are two stairs leading from the former to the latter that extend across the entire archway.  The tread of the stairs was covered with rubber or linoleum and had a copper or brass binder an inch or an inch and one-half wide at the outer edge, held in place by small tacks or nails.  There was no railing in the center or at either end of the stairs.

The suit is predicated upon the alleged negligence of defendant in failing to keep these stairs and the approaches thereto smooth and in a proper and reasonable state of repair, in failing to keep the carpet on the stairs and approaches thereto smoothly and safely laid and fastened, and in failing to maintain a guard-rail either in the center of the stairway or at each side thereof.

At the close of all the evidence defendant moved for a directed verdict on the grounds that the evidence did not tend to show that it was negligent in any of the respects alleged; that its negligence as alleged was a proximate cause of the accident; that the slipping testified to by plaintiff was due to its negligence; that a negligent condition at the point of the accident was a proximate cause thereof; that plaintiff was free from contributory negligence, or nonassumption by plaintiff of such risk

as arose from the conditions shown. The motion was overruled subject to defendant's exception.

In considering the question raised by this exception the evidence must be viewed in the light most favorable to the plaintiff. It showed the relative location of the suit and millinery departments and the construction of the passage-way between them as above stated, and that plaintiff fell on the stairs leading from the former to the latter department.

The sole question about which there was a conflict in the evidence was whether plaintiff's fall was due to her carelessness or to defendant's negligence as alleged in the declaration. The only evidence tending to support her claim about this was her own testimony. She testified, in effect, that she started down the stairs between the two departments, slipped on the top stair, and, because the metallic binder thereon was rough, caught her heel in it, and there being no railing to get hold of to prevent her falling, "away I went." Although her testimony respecting this gives the impression that it was based on surmise and conjecture rather than on actual knowledge, it cannot be ignored. It stands somewhat like unreasonable, inconsistent or contradictory testimony given by a witness which, unless impossible, must be considered. *Robey* v. *Boston & Maine Railroad*, 91 Vt. 386, 100 Atl. 925; *Shields* v. *Vt. Mut. Fire Ins. Co.*, 102 Vt. 224, 237, 147 Atl. 352; *Bates* v. *Rutland Railroad Co.*, 105 Vt. 394, 165 Atl. 923; *Perkins* v. *Vermont Hydro-Electric Corp.*, 106 Vt. 367, 399, 177 Atl. 631; *Potter* v. *Crawford*, 106 Vt. 517, 175 Atl. 229; *Steele* v. *Lackey*, 107 Vt. 192, 198, 177 Atl. 309. The evidence bearing on this question presented an issue of fact, but it by no means follows that defendant's motion was properly denied.

That the lack of a railing, standing alone, did not constitute actionable negligence is clear, since the owner of premises is not liable to one who goes thereon as invitee for injuries resulting from a danger that was obvious to the latter or should have been observed by him in the exercise of ordinary care. *Cole* v. *L. D. Willcutt & Sons Co.*, 218 Mass. 71, 105 N. E. 461; *Shaw* v. *Ogden*, 214 Mass. 475, 102 N. E. 61; *Shanley* v. *American Olive Co.*, 185 Cal. 552, 197 Pac. 793; *Weber* v. *City Water Co., etc.*, 206 Ill. App. 417; *Calvert* v. *Springfield Light & Power Co.*, 231 Ill. 290, 83 N. E. 184, 14 L. R. A. (N. S.) 782,

12 Ann. Cas. 423; *Clark* v. *City of Huntington,* 74 Ind. App. 437, 127 N. E. 301, 128 N. E. 453; *Carleton* v. *Franconia I. & S. Co.,* 99 Mass. 216; *Lindsley* v. *Stern,* 203 App. Div. 615, 197 N. Y. S. 106; *Dube* v. *Cooperage & Lumber Co.,* 209 Mich. 661, 177 N. W. 148; *Wilbourn* v. *Charleston Cooperage Co.,* 127 Miss. 290, 90 So. 9. Such was the situation here. The absence of a railing was apparent to all who had occasion to use the stairs. Moreover, there was no evidence fairly and reasonably tending to show that a railing would have prevented plaintiff's fall or lessened the force of it. The mere possibility or conjecture that it might have is insufficient to justify a finding that it would. *Gaudette* v. *Taylor,* 108 Vt. 109, 183 Atl. 335; *Johnson* v. *Burke,* 108 Vt. 164, 183 Atl. 495; *Wellman, Admr.* v. *Wales,* 98 Vt. 437, 129 Atl. 317; *Id.,* 97 Vt. 245, 255, 122 Atl. 659; *Gilman* v. *Central Vt. Ry. Co.,* 93 Vt. 340, 107 Atl. 122, 16 A. L. R. 1102.

██ ██ It is equally clear that defendant is not liable for injuries resulting from the other defects complained of since there was no evidence tending to show that it knew of them or that they had existed a sufficient length of time to charge it with knowledge. In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or have existed for such time that it was his duty to know it. *Kaufman Department Stores* v. *Cranston* (C. C. A.), 258 Fed. 917; *Bornstein* v. *R. H. White Co.,* 259 Mass. 34, 155 N. E. 661, and cases cited; *Toland* v. *Paine Furniture Store,* 175 Mass. 476, 56 N. E. 608; *Carleton* v. *Franconia I. & S. Co.,* 99 Mass. 216; *Patten* v. *Bartlett,* 111 Me. 409, 89 Atl. 375, 49 L. R. A. (N. S.) 1120; *Schnatterer* v. *Bamberger,* 81 N. J. Law, 558, 79 Atl. 324, 34 L. R. A. (N. S.) 1077, Ann. Cas. 1912D, 139; *Leach* v. *S. S. Kresge Co.* (R. I.), 147 Atl. 759; *Bennett* v. *Railroad,* 102 U. S. 577, 26 L. ed. 235; *Lindsley* v. *Stern,* 203 App. Div. 615, 197 N. Y. S. 106; *Calvert* v. *Springfield Light & Power Co.,* 231 Ill. 290, 83 N. E. 184, 14 L. R. A. (N. S.) 782, 12 Ann. Cas. 423. See, also, *Hunnewell* v. *Haskell,* 174 Mass. 557, 55 N. E. 320.

██ ██ In the circumstances shown neither the lack of a railing nor the defect in the stairs, standing alone, constituted actionable negligence; nor did the acts complained of, taken together, show such negligence, since it logically follows that if defendant was not liable for the defects in the stairs it was not

liable for failing to provide means for *possibly* avoiding the results of such defects. In other words, it was not required to maintain a railing in anticipation of some possible defect in the stairs for which it was not liable. Defendant's motion should have been granted.

*Judgment reversed and judgment for the defendant.*