### Catherine A. Forcier & Almanzor J. Forcier v. Grand Union Stores, Inc.

[264 A.2d 796]

No. 69-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 7, 1970

390

*Joseph C. McNeil* and *Joseph E. McNeil,* on the brief, Burlington, for Plaintiffs.

*Black, Wilson, Curtis & Bryan,* Burlington, for Defendant.

**Keyser, J.** This is a so-called "slip and fall" case in which the plaintiff, Catherine Forcier, seeks damages for injuries suffered by her while shopping at the Grand Way store in Burlington owned and operated by the defendant. Her husband, Almanzor, joins in the suit to recover for medical expenses and loss of his wife's services and society. By agreement of counsel all elements of damage were to be included in one verdict. Upon trial, the jury returned a verdict for the plaintiffs in the sum of $35,000. The court entered judgment on the verdict as a consequence of which the defendant brings four questions to this court for review.

These are: (1) denial of defendant's motion for a directed verdict grounded on the failure of plaintiffs to establish actual knowledge or constructive notice of the existence of a dangerous condition of the floor; (2) error of the court in its charge to the jury as to the standard of negligence applicable to the case; (3) error of the court in its charge relating to the husband's damages as being upon an inadequate basis in the evidence; and (4) error of the court in admitting as exhibits over defendant's objection bills for medical expenses without adequate foundation testimony.

Viewing the evidence in the light most favorable to the plaintiffs as the prevailing party, the evidence developed the facts which follow.

The plaintiff (Mrs. Forcier) and a friend, Mrs. French, went shopping on September 14, 1964, at the defendant's Grand Way supermarket in South Burlington. The store has two departments, one sells general merchandise and the other groceries and produce. After going into the department store area, the plaintiff and her friend proceeded into the produce section of the grocery department. Shortly afterwards plaintiff suddenly slipped three or four feet, slid around and landed "pretty hard" up against a counter having a vegetable bin in the middle aisle. She struck the tip of her spine and her back against the counter. At the time this happened the plaintiff was wearing a cervical collar because of an injury she had received in an automobile accident about four years previously. In that accident she fractured her ankle, injured her neck and had facial lacerations. The force of plaintiff striking the counter caused her cervical collar to become unfastened and it nearly fell off as a result. Both women looked to see what the plaintiff had slipped on and saw a small piece of banana an inch or so long without peeling squashed into the floor where she had slipped. The banana was dark brown and decayed looking. The plaintiff also noticed some pieces of lettuce on the floor a little farther down beyond the place where she slipped. They also noticed an employee at a distance, about in the middle of the store, who stood watching them but he did not approach them or they him. Mrs. French did not know whether or not this clerk saw the plaintiff slip.

The accident caused the plaintiff to experience sharp pain in her back. She became very pale and began shaking. She felt dizzy and wanted to go back home as she couldn't stand up. Mrs. French called a taxi and helped plaintiff to get home and into her house. She laid down and when her husband came home from work, the doctor was called but plaintiff could not see him until the next day. That evening after going to see Doctor Shea the plaintiff and her husband went to the Grand Way store to report the accident to the management.

Plaintiff's fall injured her back in the lumbar area and aggravated the old injury in the cervical area of her neck. In addition to the collar, plaintiff wears a knight brace prescribed by the doctor. She was unable to do any household duties resulting in the burden for these falling on her husband and her married daughter. The effect of the fall at Grand Way

has resulted in permanent disability to the plaintiff who was 55 years old at the time of trial.

The defendant argues that the plaintiff failed to establish that defendant had actual or constructive knowledge of the existence of a dangerous condition.

The law of this state as to the standard of care required of a store to its customers was settled by *Dooley* v. *Economy Stores, Inc.*, 109 Vt. 138, 194 A. 375. The court said at page 142: "In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or have existed for such a time that it was his duty to know it." This ruling in the *Dooley* case was followed in *Wakefield* v. *Levin*, 118 Vt. 392, 397, 110 A.2d 712.

■ "Foresight of harm lies at the foundation of negligence . . . . Foreseeable consequences may be significant in the determination of the scope of legal duty and whether a duty of care had been violated." *Thompson* v. *Green Mountain Power Corp.*, 120 Vt. 478, 483, 485, 144 A.2d 786. On the question of negligence, it is material to consider the consequences that a prudent man might have anticipated. *Wakefield* v. *Levin, supra,* at page 397. And the circumstances and dangers are always to be taken into account in determining what is due care or evidence of it. *McKirryher* v. *Yager*, 112 Vt. 336, 343, 24 A.2d 331.

■ By denying defendant's motion for a directed verdict, the court ruled as a matter of law that the evidence, viewed in the light most favorable to the plaintiff and excluding any modifying evidence, tended to support a plaintiffs' verdict. *Berry* v. *Whitney*, 125 Vt. 383, 217 A.2d 41. And if there is evidence which fairly and reasonably tends to justify the verdict, the motion cannot be granted. *Id.*

■■ The plaintiff, Mrs. Forcier, was an invitee to the defendant's premises. It was the defendant's duty to keep the premises in a safe and suitable condition, so that she would not be unnecessarily or unreasonably exposed to danger. *Wakefield* v. *Levin, supra,* and cases there cited at page 397. The invitation carries with it some measure of assurance of safety, which the owner must make good, by the exercise of

active care if necessary. *Wool* v. *Larner,* 112 Vt. 431, 436, 26 A.2d 89. This court has repeatedly recognized that the duty of care increases proportionately with the foreseeable risks of the operations involved. *Miller* v. *Sears,* 118 Vt. 302, 305, 108 A.2d 529.

◼ The evidence established that there was debris on the floor in the aisle where she was walking; that she stepped on a small piece of banana, causing her to slip and slide around, hitting her back against a middle counter. The store used open bins to display its fruits and vegetables which were handled by the employees and customers. This self-service method of displaying its fruits and vegetables carried with it a corresponding duty of care by the store to use reasonable measures to discover and remove from the floor debris which may have been dropped or knocked to the floor by persons at the counter. Debris on the floor is to be anticipated in a self-service operation. The fact can reasonably be concluded that such hazard to business invitees constituted a risk of harm within the reasonable foresight of the defendant and that it should have taken reasonable steps to obviate the danger. While the use of self-service fruit and vegetable displays is not negligence as a matter of law, they do create marketing problems of safety and place upon the store operator the need for greater vigilance if he is to meet the standard of care required under the circumstances. *Wollerman* v. *Grand Union Stores, Inc.,* 47 N.J. 426, 221 A.2d 513; *Strack* v. *Great Atlantic & Pacific Tea Co.,* 35 Wis.2d 51, 150 N.W.2d 361; *Rhodes* v. *El Rancho Markets,* 4 Ariz. App. 183, 418 P.2d 613; *Serinto* v. *Borman Food Stores,* 380 Mich. 637, 158 N.W.2d 485.

◼ The defendant introduced no evidence except some to the effect that neither its store manager nor any employee had knowledge of the incident in question. The record is void of any evidence to show what, if any, precautions the store management took to see that no hazard was created, such as inspections and sweeping or cleaning of the floor. Because of the absence of any proof in this respect the court in considering defendant's motion could reasonably conclude, or infer, that the defendant did less than its duty required to protect the plaintiff from the risk of injury created by the debris.

This conclusion is greatly strengthened by the presence of other debris on the floor besides the piece of banana. Voluntary ignorance may constitute negligence if the detection of danger can be accomplished by reasonable vigilance. *Thompson* v. *Green Mountain Power Corp., supra,* at page 483.

It was incumbent upon the defendant to produce rebutting evidence if it wished to show the facts were not as claimed by the plaintiff. In this connection Chief Justice Weintraub of the Supreme Court of New Jersey said in, *Wollerman* v. *Grand Union Stores, Inc., supra,* 221 A.2d at 515, as follows:

> "(W)e are satisfied that where a substantial risk of injury is implicit in the manner in which a business is conducted, and on the total scene it is fairly probable that the operator is responsible either in creating the hazard or permitting it to arise or to continue, it is unjust to saddle the plaintiff with the burden of isolating the precise failure. The situation being peculiarly in the defendant's hands, it is fair to call upon the defendant to explain, if he wishes to avoid an inference by the trier of facts that the fault probably was his."

██ ██ On this state of the record the plaintiff had made out a *prima facie* case. In our judgment there was evidence which fairly tended to support plaintiff's claim and thus it was for the jury to determine the issues of constructive notice and defendant's negligence, and not a matter of law for the court. See *Rumsey* v. *Great Atlantic & Pacific Tea Co.,* 408 F.2d 89 (3rd Cir.). It is properly within the province of the jury to determine what precautions are commensurate with the defendant's duty of exercising due care under the circumstances. Defendant's motion for a directed verdict was properly denied. *Capital Candy Co.* v. *Montpelier,* 127 Vt. 357, 359, 249 A.2d 644.

The defendant argues that the trial court charged in effect that the store owner must prove that he did not know and could not have known of the alleged defect. The language complained of reads:

> "If an operator chooses to sell in this fashion (fruit in open bins), it is incumbent on the operator to protect the customers from the risk of injury, and this is true

whether the risk arises from the acts of an employee himself, or of someone else that the owner invites to the premises."

The defendant argues that this is a form of the *res ipsa loquitur* doctrine but we cannot agree with this conclusion. It is claimed that the charge completely avoids the requirement that the jury find a lack of care on the part of the store owner. Previous to the above quoted portion of the charge, the court had explicitly defined negligence and the "prudent person" rule. The court also charged that to make out liability the plaintiffs must establish negligence of the defendant under the standard of a reasonable and prudent person.

▪ Error is not to be read into the charge of a trial judge by isolating small segments of it. It is not to be considered piecemeal, but with an eye on its general content. *State* v. *Blair*, 118 Vt. 81, 97, 99 A.2d 677. To quote from *In re Moxley's Will*, 103 Vt. 100, at page 114, 152 A. 713: "An instruction claimed to be erroneous must be read in the light of what is elsewhere said upon the same subject."

The case of *State* v. *Bishop*, 128 Vt. 221, 260 A.2d 393, at page 399, quotes with approval what is stated in *Fassett* v. *Town of Roxbury*, 55 Vt. 552, at page 556, that a charge "should be taken as a whole, and, although it may contain some expressions that, taken alone, would be error, yet if as a whole it breathes the true spirit and doctrine of the law, and there is no fair ground to say that the jury has been misled by it, it ought to stand."

The exception is without merit.

▪ The defendant's next assignment of error is that the court erroneously charged the jury that the husband, Mr. Forcier, was entitled to recover for any injury it might find existed to his wife's society, services and companionship in such sum as would reasonably compensate him in that respect. The defendant claims the charge lacks support on the evidence presented and was unwarranted. However that may be, the claimed error is not for our consideration since the record discloses that this part of the charge stood without challenge unexcepted to by the defendant. The charge as made

thus became the law of the case and may not now be challenged. *Greenberg* v. *Giddings*, 127 Vt. 242, 245, 246 A.2d 832.

The defendant lastly claims the court erred by admitting into evidence over its objection various bills incurred by the plaintiff A. J. Forcier for medical, hospital, and other expenses for his wife since the date of the accident. These were Plaintiffs' Exhibits 1A–1E. The defendant argues that they constituted hearsay and were without adequate medical proof that the medical bills from 1964 were caused by and made necessary for Mrs. Forcier's accident in the Grand Way store.

The defendant points to a portion of the testimony given on cross-examination of Doctor Shea, the only medical witness who testified. He had been Mrs. Forcier's doctor ever since she was injured in an automobile accident in 1960. After the doctor testified Mrs. Forcier had a mild diabetic condition, he was asked whether any of the prescriptions had to do with this condition of hers. He answered, "I don't believe these do. I'm not sure. I didn't go over each one." This is the only testimony called to our attention by defendant in support of its contention of error.

However, Doctor Shea testified on direct examination without objection that during a court recess, he had occasion "to go through all of the bills", and that he found them "correct" and "reasonable" and "reasonably necessarily incurred." And, again, in answer to the question, "And in your opinion are all of these bills reasonable expenses related to the injury received resulting from the fall at the Grand Way on September 14, 1964," he answered, "Yes, sir." And Mr. Forcier testified it was his "claim" that the bills were incurred as a result of the accident.

An examination of the bills constituting the exhibits show that they do not have on them statements or recital of facts pertinent to any issue on trial as was the situation in *Bushnell* v. *Bushnell*, 103 Conn. 583, 131 A. 432, 44 A.L.R. 785. There the physician's bill for services also contained a brief description of plaintiff's injuries and the court held this was hearsay.

In this posture of the evidence the court properly admitted the offered exhibits. It was incumbent upon the defendant to produce rebutting evidence if it wished to show

the facts were otherwise but it failed to do so. The weight of the evidence and the credibility of the witnesses was for the jury. *Cass-Warner* v. *Brickman,* 126 Vt. 329, 333, 229 A.2d 309.

Having in mind the case as a whole, we refer to *Rumsey* v. *Great Atlantic & Pacific Tea Co., supra,* which called attention to the leading case of *Smith* v. *Bell Telephone Co.,* 397 Pa. 134, 153 A.2d 477 in which the Supreme Court of Pennsylvania ruled that a plaintiff's *prima facie* case need only be such that the jury, by drawing logical inferences from the evidence in the light of their own knowledge and experience, can reasonably reach the conclusion sought by the plaintiff, even though a contrary conclusion could rationally be based on the same evidence.

For the reasons stated no error has been made to appear.

*Judgment affirmed.*