# William Stearns v. Sugarbush Valley Corporation

[296 A.2d 220]

No. 166-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Donald D. Ferland, Esq.,* of *Conley & Foote,* Middlebury, for Plaintiff.

*Richard E. Davis, Esq.,* Barre, for Defendant.

**Barney, J.** The plaintiff was awarded a judgment in a slip-and-fall case tried by the court. The defendant contests the result by challenging both the findings of fact and conclusions of law in this appeal.

The accident happened during the ski season, in January, 1969. The plaintiff and a companion, now his wife, went to a public facility owned by the defendant known as the Wonder Bar. On the way from the public parking area to the premises the plaintiff used a path for the purpose that was something over six hundred feet long and, in part, steeply uphill. On the walk, he took note of the fact that the path was icy and slippery. This roadway or access path is the one provided for access to the cocktail lounge from the parking area, both for skiers and members of the public who were not skiers. The plaintiff had used this path previously.

His errand on the afternoon in question was to pick up a dog which he was being given. While at the Wonder Bar he had several cocktails, but his physical condition and conduct was specifically found not to have been thereby affected. Having received the dog, he took his departure, and again took note of the slippery and icy condition of the path. Earlier in the day an employee of the defendant had fallen on the same path, and had notified the defendant's president of the accident. Ninety percent of the traffic on the path were people without skis.

The plaintiff descended the steeper portion of the path, but fell and injured himself on a relatively level portion where it was extremely icy. This icy condition was the cause of the fall, and no salt or sand had been applied to correct the condition. The new dog was unleashed, and played no part in the accident. There is another means of access to the restaurant, not open to the public generally, about a mile in length.

Having found the facts as recited above, the trial court found the defendant negligent, and that negligence to be the proximate cause of the plaintiff's injury. On this basis the judgment in favor of the plaintiff was returned.

It is the position of the defendant that the circumstances of this case bar recovery by the plaintiff as a matter of law in two ways. First, since the facility was operated as a ski resort, conditions of snow and ice are not determinative of negligence on the part of the management. Second, since the

plaintiff was fully aware of the conditions and the nature of the operation, his recovery is barred on the basis of an assumption of the risk.

The issue before the trial court was, in the first instance, the determination of the defendant's fulfillment of whatever duty it had toward the plaintiff. And it certainly had some duty,—a duty to maintain the premises reasonably safe for those whose custom it solicited, whether skier or non-skier. Its responsibility toward its customers is expressly the same as that of any business. *Forcier* v. *Grand Union Stores, Inc.*, 128 Vt. 389, 393, 264 A.2d 796 (1970). The fact that snow or sport may be involved in various parts of the operation are circumstances which may measure the reasonableness of protective measures, or the lack of them, in a particular situation. Just as the act of skiing, *Wright* v. *Mount Mansfield Lift, Inc.*, 96 F.Supp. 768 (D. Vt. 1951), may be distinguished from the transporting of skiers on a lift, *Marshall* v. *Town of Brattleboro*, 121 Vt. 417, 420, 160 A.2d 762 (1960), so the safety requirements of restaurant operation in a ski area may be modified from those in a downtown area. But, given the defined duty, it is the province of the trier of fact to decide "what precautions are commensurate with the defendant's duty of exercising due care under the circumstances." *Forcier* v. *Grand Union Stores, Inc., supra*, 128 Vt. at 395. The court performed that duty in this case, and, in the presence of the demonstrated factual support, we cannot, in that particular, fault its determination. *Little* v. *Little*, 124 Vt. 178, 182, 200 A.2d 276 (1964).

The defense of assumption of risk fares no better. As was the case in *Baldwin* v. *Vermont Railways*, 126 Vt. 70, 76, 223 A.2d 556 (1966), the plaintiff had no reasonably available alternative way other than the icy path. With the invitation extended to the public to come to the restaurant and lounge to enjoy its advantages, it is not for the defendant to take refuge in the claim that "you come at your own risk" after the accident. The facts did not justify here, any more than they did in the *Baldwin* case, the assertion that the defense was available as a matter of law. Its determination as a matter of fact was for the trier, and was resolved adversely

to the defendant with appropriate factual support. *Berry* v. *Whitney,* 125 Vt. 383, 387, 217 A.2d 41 (1966).

*Judgment affirmed.*