2004 VT 76

## Paulette Malaney v. Hannaford Brothers Company

[861 A.2d 1069]

No. 02-316

Present: **Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.**

Opinion Filed August 20, 2004

*Thomas C. Nuovo* of *Bauer, Anderson & Gravel*, Burlington, for Plaintiff-Appellant.

*David Bond* of *Downs Rachlin Martin PLLC*, Burlington, for Defendant-Appellee.

¶ 1. **Dooley, J.** Plaintiff Paulette Malaney, who sued defendant Hannaford Brothers Company after she slipped and fell on a grape in the company's grocery store, appeals a jury verdict in favor of defendant. She argues that she was entitled to a directed verdict on the issue of liability, and that the trial court's instructions to the jury were incomplete and erroneous in several respects. We conclude that the trial court committed prejudicial error (1) by endorsing in front of the jury defendant's misleading statement of the law of premises liability during its closing argument, and (2) by giving the jury incomplete instructions on defendant's duty of care. Accordingly, we reverse the jury verdict, and remand the matter for further proceedings.

¶ 2. The accident that led to plaintiff's suit occurred on February 13, 2000. Plaintiff was in the check-out line with her fiancé when she remembered one last item that she wanted to purchase. As she passed through the store's produce section to retrieve the item, she slipped on a grape and fell, dislocating her elbow. In October 2000, plaintiff sued defendant, alleging that store employees were negligent in failing to keep the floor free of debris. A two-day jury trial was held in May 2002, resulting in a verdict for defendant. Plaintiff appeals the judgment resulting from that verdict.

¶ 3. Plaintiff first argues that she was entitled to judgment as a matter of law because defendant failed to present any evidence that it took reasonable steps to protect her from the foreseeable dangers associated with selling grapes from a self-service display counter. We disagree.

¶ 4. The parties presented conflicting evidence concerning the extent to which defendant took reasonable measures to protect its customers from potentially hazardous conditions caused by the grape

display. Plaintiff elicited evidence indicating that defendant was generally aware of the hazards posed by grapes and had adopted specific procedures to address the hazard, including some that had not been followed. For example, one of defendant's safety bulletins emphasized the importance of using large runners in many areas of the produce department, particularly in front of grapes displays. Plaintiff presented evidence that no such runner was in place at the time she slipped near the grape display.

¶ 5. On the other hand, the store's sweep logs, which were introduced into evidence, indicated that someone had swept near the floral section, close to where plaintiff fell, approximately three hours before the accident. The sweep logs also confirmed the testimony of a store employee that he had conducted spot mops of the produce section approximately one and one-half hours and again five minutes before the accident. The employee testified, however, that although he visually checked the area around the grape display for debris, he was unable at all times to see the floor because of the large number of carts and people in the area.

¶ 6. Both plaintiff and defendant sought directed verdicts, plaintiff arguing that the evidence unequivocally demonstrated defendant's negligence in failing to protect her from a known hazardous condition, and defendant arguing that plaintiff's failure to show how long the grape she slipped on had been on the floor entitled the store to judgment as a matter of law. The trial court denied both motions, ruling that plaintiff had presented sufficient evidence to create a jury question as to whether the steps taken by the store were reasonable given the hazard posed by the grape display, and that defendant had presented evidence from which the jury could have concluded that the store had taken reasonable steps to protect its customers.

■ ¶ 7. In support of her view that she was entitled to a directed verdict on liability, plaintiff contends that Vermont law required defendant to be extra vigilant in protecting its customers from the obvious and known hazard posed by the grape display, particularly on the day she was injured, given that the store was crowded and grapes were on sale, resulting in customers handling hundreds of pounds of grapes. In plaintiff's view, defendant failed to present evidence to demonstrate that the store exhibited the extra vigilance required under these circumstances. Viewing the evidence cited above most favorably to defendant, however, we conclude that the trial court acted well within its discretion in leaving it for the jury to determine whether, considering all of the circumstances, defendant had taken

reasonable steps to address the hazard posed by the grape display. See *Brueckner v. Norwich Univ.*, 169 Vt. 118, 122, 730 A.2d 1086, 1090 (1999) (judgment as matter of law may be granted when, viewing evidence most favorably to nonmoving party, there is insufficient evidentiary basis for reasonable jury to find for nonmoving party).

¶ 8. Next, plaintiff argues that the trial court committed reversible error both by refusing to sustain plaintiff's objection to defendant's incorrect statement of the law made during its closing argument, and by failing to give more specific instructions on the duty owed by defendant under the circumstances of this case. These arguments require us to examine our law on premises liability with respect to retail establishments. Under traditional negligence law, the mere existence of a defective condition in a store — including a transitory condition such as a spill — does not make the store liable for an injury caused by the condition unless store employees knew or should have known of the condition. See D. Zupanec, Annotation, *Store or Business Premises Slip-And-Fall: Modern Status of Rules Requiring Showing of Notice of Proprietor of Transitory Interior Condition Allegedly Causing Plaintiff's Fall*, 85 A.L.R.3d 1000, 1003 (1978). Hence, if a plaintiff is unable to prove that the store or its employees created, or otherwise had actual knowledge of, the dangerous condition, the plaintiff must demonstrate "that the condition existed for such a length of time that in the exercise of reasonable care the proprietor should have known of the condition." *Id.* at 1004.

¶ 9. This Court followed that traditional rule in *Dooley v. Economy Store, Inc.*, 109 Vt. 138, 194 A. 375 (1937). There, a customer won a jury verdict after slipping on an allegedly defective step in a retail store and injuring herself. On appeal, we held that the store could not be liable because of the absence of any evidence showing either that the store actually knew of the defect or that the defect had existed long enough to charge the store with constructive notice of the danger. *Id.* at 142, 194 A. at 377 ("In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or have existed for such time that it was his duty to know it.").

¶ 10. With the advent of self-service marketing operations in retail stores, however, courts across the country, including this Court, began to modify premises liability law in various ways to reduce or eliminate plaintiffs' burden of proving that the store had actual or constructive

notice of the defective condition. See *Jackson v. K-Mart Corp.*, 840 P.2d 463, 467-70 (Kan. 1992) (noting broad trend toward modifying premises liability law in retail establishments and discussing various ways in which traditional rule has been altered); see also *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 324-29 (Fla. 2001) (superseded by statute) (noting "modern jurisprudential trend of departing from the traditional rule of premises liability when a plaintiff slips and falls on a transitory foreign substance," and discussing various approaches taken by different courts); *Cobb v. Skaggs Cos.*, 661 P.2d 73, 76 (Okla. Ct. App. 1982) (noting that "self-service marketing method has spawned a growing trend of cases that dispense with the traditional notice requirement in such business settings as discount department stores, restaurants, and supermarkets"); D. Zupanec, *supra*, 85 A.L.R.3d at 1004-06 (citing elimination of requirement that injured customer prove store owner's actual or constructive knowledge of dangerous transitory condition as example of broad trend toward liberalization of premises liability law). In modifying the traditional rule, these courts reasoned that while self-service operations give store customers additional freedom to browse and select the merchandise they desire, they also pose foreseeable hazards to those customers, who are generally less careful than store employees in handling the merchandise. See D. Zupanec, *supra*, 85 A.L.R.3d at 1004-05 n.15. Essentially, the courts have recognized that stores engaging in foreseeably hazardous self-service operations may be deemed to have constructive notice of those conditions when they result in injury. *Id.*; see *Cobb*, 661 P.2d at 76 (because self-service marketing practices create dangerous condition, store is deemed to have notice of condition).

¶ 11. Early on, in *Forcier v. Grand Union Stores, Inc.*, 128 Vt. 389, 264 A.2d 796 (1970), this Court joined the trend toward modifying premises liability law in the context of retail stores displaying and selling goods through self-service operations. In that case, a customer who injured herself after slipping on a banana in a grocery store won a jury verdict, and the store appealed, arguing, in relevant part, that it was entitled to a directed verdict because the customer had failed to establish the store's actual or constructive notice of the existence of the banana on the floor. We rejected the store's argument and affirmed the jury verdict, stating that the customer had made out a prima facie case of the store's negligence, and that it was for the jury to determine whether the store had constructive notice of the dangerous condition that led to the customer's injury. *Id.* at 395, 264 A.2d at 800. In so

ruling, we emphasized that (1) the store had a duty of "active care" to protect its invitees from foreseeable risks; (2) the store's modern self-service operation imposed a corresponding duty upon the store to use reasonable measures to anticipate and address the risks associated with the operation; and (3) the store's duty increased in degree proportionate to the foreseeable risks of the operation. *Id.* at 393-94, 264 A.2d at 799.

¶ 12. Because evidence of the presence of the banana and other debris on the floor was sufficient for the plaintiff in *Forcier* to make out a prima facie case of negligence, it "was incumbent upon [the store] to produce rebutting evidence if it wished to show the facts were not as claimed by" the customer. *Id.* at 395, 264 A.2d at 800. Rather than introducing evidence of precautions it had taken to address the foreseeable risk of debris on the floor from self-service bins, the store merely presented testimony that store employees were unaware of the presence of the banana on the floor. Accordingly, we held that the jury could have reasonably concluded that the store had not met its duty of active care to protect its customers from foreseeable risks. *Id.* at 394, 264 A.2d at 800. In support of this holding, we relied upon the landmark case of *Wollerman v. Grand Union Stores, Inc.*, 221 A.2d 513 (N.J. 1966), wherein the New Jersey Supreme Court explained that it would be "'unjust to saddle the plaintiff with the burden of isolating the precise failure'" that caused the dangerous condition to exist. *Forcier*, 128 Vt. at 395, 264 A.2d at 800 (quoting *Wollerman*, 221 A.2d at 515).

¶ 13. In a later case, we explicitly recognized that:

*Forcier* modified *Dooley* in holding that it is the store owner's duty of active care to make sure that its premises are in safe and suitable condition for its customers. In *Forcier*, the business practice of using a self-serve method to sell loose produce gave rise to an increased duty of care on the defendant's part to remove floor debris because such debris is to be anticipated in a self-service operation. The resultant hazard to business invitees constituted a risk of harm within the reasonable foresight of the defendant.

*Debus v. Grand Union Stores of Vermont*, 159 Vt. 537, 545-46, 621 A.2d 1288, 1294 (1993). The United States Court of Appeals for the Second Circuit also recognized the change in Vermont's premises

liability law resulting from our decision in *Forcier*, stating that the "business practice" exception established in *Forcier* and broadened in *Debus* relieves plaintiffs of having to prove that a retail business owner had notice of a foreseeably dangerous condition caused by self-service operations. See *Randall v. K-Mart Corp.*, 150 F.3d 210, 213 (2d Cir. 1998). In short, under Vermont law, the existence of a reasonably foreseeable dangerous condition created by self-service operations effectively notifies the store owner of the dangerous condition, making the critical issue whether the store owner responded reasonably to protect its customers from the danger.

¶ 14. Having examined Vermont law on premises liability in retail stores with self-service operations, we now return to plaintiff's argument that the trial court committed reversible error (1) by refusing to sustain plaintiff's objection to defendant's incorrect statement of the law made to the jury during closing argument, and (2) by failing to give more specific instructions to the jury on the applicable law. At the charge conference, plaintiff asked the trial court to instruct the jury using language from *Forcier* and other cases concerning premises liability in retail stores with self-service operations. Plaintiff sought a charge instructing, among other things, that defendant had the burden to show what steps it had taken to address the foreseeable hazard caused by selling grapes in open bins. It is not entirely clear, however, from plaintiff's requests and objections concerning the instructions whether she viewed defendant's burden as one of production or of proof. Indeed, she appeared to acquiesce in the trial court's ruling that defendant's burden was merely one of producing evidence that it had taken reasonable steps to address a known hazard. In rejecting plaintiff's request for a burden-shifting instruction, the court explained that it was for the court, not the jury, to determine whether defendant had met its burden of production. As for plaintiff's request for more detailed instructions, the court stated that, as "a matter of judicial style," it preferred to give a broad, general statement of the law and leave it for the attorneys, during their closing arguments, to link the law to the facts of the case.

¶ 15. The closing arguments preceded the jury instructions. Defendant began its closing argument by emphasizing that plaintiff had failed to introduce any evidence to show how long the grape she slipped on had been on the floor. Defendant asserted that unless she could show that the grape had been on the floor long enough so that the store should have known it was there, she could not prevail because she could not meet her burden of proof as the plaintiff. Plaintiff objected,

arguing that defendant had misstated the law. The trial court denied the objection, stating in front of the jury that defendant's argument was consistent with the standard of the law.

¶ 16. Following arguments, the trial court gave the following instruction on negligence to the jury:

> In order to prove her case for negligence, the Plaintiff must prove by a preponderance of the evidence that the Defendant was negligent and that the Defendant's negligence was the proximate cause of the Plaintiff's injuries. The owner of a business, such as Hannafords, is not the insurer of the safety of its customers, and is not automatically responsible if a customer is injured while on the business premises. Nonetheless, a business owner has a duty of active care to make sure that its premises are in a safe and suitable condition for its customers. This means that a business owner has a duty to use reasonable care to provide facilities that do not expose customers to unnecessary or unreasonable risks of harm.
>
> To prove her claim for negligence, Plaintiff must prove to you, by a preponderance of the evidence, each of the following elements:
>
> (1) that Defendant knew or should have known that on the day of the incident, there was a risk of an unsafe condition on the floor near the produce department;
>
> (2) that Defendant failed to exercise reasonable care in preventing the condition or allowing it to remain;
>
> (3) that Plaintiff's injury was in fact substantially caused by the alleged unsafe condition

The court then discussed in more detail the third element — proximate cause — before stating that if plaintiff failed to prove any of these elements by a preponderance of the evidence, the jury must enter a verdict for defendant. Plaintiff renewed her objections following the charge.

¶ 17. Plaintiff argues that the court first committed error by endorsing the misstatement of law by defendant's counsel that she had the responsibility to prove how long the grape had been on the floor. With regard to the instructions, she alleges two errors: (1) the trial court failed to give the jury more specific and complete instructions on the heightened duty of care associated with engaging in a known hazardous operation, such as selling grapes in self-service open bins, as

required by *Forcier*; and (2) the court should have instructed the jury that once plaintiff made out a prima facie case of negligence, defendant, not plaintiff, had the burden of proving that it had taken reasonable steps to prevent the foreseeable harm posed by the grape display.

¶ 18. Regarding plaintiff's first argument, we agree that the trial court committed reversible error by suggesting to the jury that, under Vermont law, plaintiff could not prevail unless she proved how long the grape she slipped on had been on the floor. Plaintiff certainly could have presented evidence of how long the grape had been on the floor to bolster her negligence claim, but such evidence was not essential to the claim. Indeed, the modification of premises liability law in slip-and-fall cases involving self-service retail stores — as endorsed in *Forcier* — was aimed largely at relieving plaintiffs of the nearly insurmountable burden of proving exactly what defendant's counsel, with the trial court's approval, told the jury plaintiff had to prove here — how long the dangerous condition had existed. See *Owens*, 802 So. 2d at 325 (placing burden on customer to establish constructive notice of dangerous condition is unfair because stores are in control of premises and evidence upon which notice is based); *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 434-35 (Ky. 2003) (placing virtually insurmountable burden on customers to show how long spilled substance was on floor of retail establishment is inconsistent with proposition that business owner has duty to keep premises in reasonably safe condition for use of customers).

¶ 19. *Forcier* makes it clear that, under Vermont law, a jury may find a self-service store liable in a slip-and-fall case based on the store's failure to take reasonable steps to address a foreseeable hazard — even if the plaintiff is unable to demonstrate precisely how long the dangerous condition existed. See 128 Vt. 393-95, 264 A.2d at 799-800. This point is made explicit in *Wollerman*, 221 A.2d at 515 ("it would be unjust to saddle the plaintiff with the burden of isolating the precise failure"), the case we relied upon in *Forcier*, and in many decisions from other states. See, e.g., *Cobb*, 661 P.2d at 76 (notwithstanding plaintiff's inability to show defendant's actual or constructive knowledge of hazardous condition caused by grapes on floor, jury could infer that store failed to take reasonable steps to address known hazard); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983) (even in absence of evidence showing store's actual or constructive knowledge of spilled substance, jury could find store liable based on evidence tending to show store's failure to take reasonable steps to protect customers from known hazard posed by self-service grape display); cf.

*Ortega v. Kmart Corp.*, 36 P.3d 11, 13-14 (Cal. 2001) (evidence of store's failure to inspect premises within reasonable period of time is sufficient to allow jury to infer that dangerous condition was present long enough for store to have opportunity to discover and remedy condition); *Dumont v. Shaw's Supermarkets, Inc.*, 664 A.2d 846, 848 (Me. 1995) (plaintiff need not prove that store had notice of specific condition giving rise to plaintiff's injury as long as plaintiff can establish that store was aware of recurrence of hazardous condition on premises). Of course, as we explain below, plaintiff retains the ultimate burden of proving that defendant was negligent in failing to respond adequately to a foreseeable hazard; however, that burden does not necessarily entail proving how long the hazardous condition existed.

¶ 20. A party's misstatement of the law during closing argument does not generally require reversal of a jury verdict as long as the trial court corrects the misstatement during its charge to the jury, see *People v. Buckley*, 668 N.E.2d 1082, 1088 (Ill. App. Ct. 1996); *State v. Smith*, 717 So. 2d 1209, 1215 (La. Ct. App. 1998), but that is not what happened here. To the contrary, rather than correcting defendant's misstatement of the law, the trial court endorsed it, thereby effectively supplementing its later charge with an erroneous interpretation of the law that plainly could have impacted the jury's verdict adverse to plaintiff's position. Its general charge did nothing to correct its ruling that the argument properly stated the law. Accordingly, a new trial is required. Cf. *People v. Anderson*, 991 P.2d 319, 321 (Colo. Ct. App. 1999) (by not informing jury, upon objection, that prosecutor's interpretation of law is incorrect, court improperly permits jury to adopt prosecutor's version of law; in such circumstances, reversal is required unless error is harmless); *Master v. State*, 702 P.2d 375, 381 (Okla. Crim. App. 1985) (trial judge has duty to instruct jury on point of law "if it becomes apparent that counsel in the course of argument may have confused the jury on the law").

¶ 21. Moreover, we agree with plaintiff's first challenge to the jury instructions — that they were inadequate and incomplete with respect to our law of premises liability in stores with self-service operations. The trial court has the "duty to instruct the jury on all issues essential to the case," including "the standard of care that applies in a negligence action." *Coll v. Johnson*, 161 Vt. 163, 164, 636 A.2d 336, 338 (1993); see *Dumont*, 664 A.2d at 847 (party is entitled to jury instruction that is correct statement of law supported by facts, as

long as instruction is not misleading and has not already been covered by charge). While the trial court has some discretion regarding the degree to which it elects to elaborate on the points charged, see *Currier v. Letourneau*, 135 Vt. 196, 204, 373 A.2d 521, 527 (1977) ("the court is not required to make every comment that conceivably could be made on the issues and evidence"), the charge as a whole must impart the spirit of the law so that the jury is not misled.

¶ 22. We recognize that the trial court's approach — to state generally the law of negligence and leave it to the parties to argue the application of the facts to the law — is often appropriate. See *Wakefield v. Tygate Motel Corp.*, 161 Vt. 395, 398-99, 640 A.2d 981, 982-83 (1994); *Deyo v. Kinley*, 152 Vt. 196, 206-09, 565 A.2d 1286, 1292-94 (1989). We cannot hold that this approach is proper in this case after *Forcier*, however. The decision holds specifically that a self-service method of selling carries "with it a corresponding duty of care ... to use reasonable measures to discover and remove from the floor debris which may have been dropped or knocked to the floor" and places "upon the store operator the need for greater vigilance if he is to meet the standard of care required under the circumstances." *Forcier*, 128 Vt. at 394, 264 A.2d at 799. Where the law imposes a particular duty in a negligence case, the jury instructions must describe this duty to the jury. See *Roberts v. State*, 147 Vt. 160, 166-67, 514 A.2d 694, 697-98 (1986); *Provost v. Miller*, 144 Vt. 67, 70, 473 A.2d 1162, 1164 (1984); *Dawley's Adm'r v. Nelson*, 115 Vt. 461, 463, 63 A.2d 866, 868 (1949); see also *Green v. Downs*, 265 N.E.2d 68, 70 (N.Y. 1970) (" 'In cases where the law has detailed the duty resting on a reasonably prudent man, general instructions are inadequate.' ") (quoting *Barnevo v. Munson S. S. Line*, 147 N.E. 75, 77 (N.Y. 1925)). Here, the general negligence instruction did not describe defendant's duty as set out in *Forcier*. While we recognize that the plaintiff was free to argue the duty described in *Forcier*, there is no requirement that the jury accept that argument when it comes from a party rather than the court.

¶ 23. Finally, we reject plaintiff's second claim that the trial court erred by refusing to instruct the jury that defendant had the burden of proving that it had taken reasonable steps to address the foreseeable hazard posed by the grape display. We conclude, as most other courts have, that the defendant's burden in such cases is one of production, and that the ultimate burden of persuasion to prove negligence — in other words, that the defendant failed to take reasonable steps to address a known hazard — remains with the plaintiff. See

*Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 317 (N.J. 2003) (ultimate burden of persuasion remains with plaintiff to show store was negligent). Further, we conclude that it is for the trial court, in considering the parties' motions for directed verdict, to determine whether the defendant has met its burden of production, and that the court should not instruct the jury on any burden-shifting mechanism. See V.R.E. 301(c)(3) (court must not instruct on presumption of negligence when defendant has met burden of production); accord *Cooper v. Burnor*, 170 Vt. 583, 585, 750 A.2d 974, 976 (1999) (mem.); *Favreau v. Miller*, 156 Vt. 222, 233, 591 A.2d 68, 75 (1991). In this case, the record supports the trial court's conclusion that defendant met its burden of production, and thus the court did not err in refusing to instruct the jury that defendant had the burden to show that it had taken reasonable steps to address the known hazard.

¶ 24. In sum, the trial court erred by endorsing defendant's misstatement of the law during its closing argument and by failing to give the jury a complete and adequate instruction on the law of premises liability in stores with self-service operations. At trial, the parties presented conflicting evidence — enough to avoid a directed verdict for either side — on the reasonableness of the steps taken by defendant to address the known hazard posed by the grape display. The question for the jury was simply whether defendant had taken reasonable steps to protect its customers, including plaintiff, from that foreseeable hazard. See W. Prosser & W. Keeton, Prosser and Keeton on the Law of Torts § 61, at 425-26 (5th ed. 1984) (business owner must act reasonably to inspect premises to discover possible dangerous conditions and take reasonable precautions to protect invitee from foreseeable dangers).

*Reversed and remanded.*